388 So.2d 253 (1980)
Thomas V. WAUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 80-59.
District Court of Appeal of Florida, Second District.
August 22, 1980.
Rehearing Denied September 18, 1980.
*254 Jack O. Johnson, Public Defender, Michael S. Becker, Asst. Public Defender, and Geoffrey A. Foster, Legal Intern, Bartow, for appellant.
Thomas V. Waugh, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Thomas V. Waugh appeals judgments and sentences for ten drug offenses, to which he pled guilty.
Appellant's sole contention on appeal is that the trial court erred in accepting his guilty plea to one of the charges, possession of cocaine.[1] We agree that the factual basis given by the state for possession of cocaine indicates that appellant did not commit that offense.
Prior to accepting a guilty plea, the court must receive in the record factual information to establish the elements of the offense for which the defendant has entered his plea. Williams v. State, 316 So.2d 267 (Fla. 1975); Fla.R.Crim.P. 3.172(a). Because appellant could not have been convicted of possession of cocaine on proof of the facts delineated in the state's factual basis, he was prejudiced by the trial court's acceptance of his guilty plea to that charge.
Accordingly, the judgment and sentence for possession of cocaine is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
The remaining judgments and sentences are affirmed.
SCHEB, C.J., and BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] Appellant's counsel advised in his appellate brief that he saw no reversible error regarding the other nine charges against appellant and requested permission to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 95 (1967). Our examination of the record likewise has revealed no reversible error with regard to the other nine charges.