400 So.2d 1255 (1981)
Gary Todd DYDEK, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1083.
District Court of Appeal of Florida, Second District.
June 17, 1981.
Rehearing Denied July 24, 1981.
*1256 Jerry Hill, Public Defender, and Kathe Kates Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Gary Todd Dydek appeals judgments and sentences for possession of cocaine and drug paraphernalia. We affirm the judgment and sentence for possession of cocaine. However, we hold that appellant did not possess the item alleged to be drug paraphernalia with the intent that it be "used for unlawfully administering any controlled substance," as required by section 893.13(3)(a)4, Florida Statutes (1979), and we therefore reverse the judgment and sentence for possession of drug paraphernalia.
Appellant moved to suppress the evidence against him in the trial court, relying in the motion on facts as stated in the deposition of Richard Berry, the arresting officer. At the hearing on the motion, Officer Berry also testified concerning his arrest of appellant. When the trial court denied the motion to suppress, appellant pled nolo contendere to both charges, expressly reserving the right to appeal the denial of his motion to suppress. At that time appellant stipulated that the state could prove a prima *1257 facie case on the basis of the evidence before the trial court at the hearing on the motion to suppress. The trial court accepted the nolo pleas, adjudicated appellant guilty of both charged offenses, and sentenced him to eighteen months in prison. This appeal followed timely.
On this appeal appellant raises two issues. We find no merit to the first point, which challenges the denial of the motion to suppress, and therefore affirm the judgment and sentence for possession of cocaine.
Appellant's second point is that the information charging possession of drug paraphernalia was insufficient to charge a crime. We disagree with appellant's contention as stated, but we do hold that the evidence is insufficient to support a conviction of the crime charged; the judgment must therefore be reversed.
The evidence concerning the item alleged to be drug paraphernalia, a gold cigarette case, was that the arresting officer came upon it in the course of a search of appellant's pockets. Inside the case the officer found a spoon, two pipes, and a razor blade. A white powdery substance was also found on these items. Other than appellant's admission of ownership of these items (plus a small bottle containing cocaine, which formed the basis of the cocaine possession charge, and a knife), there was no other evidence concerning the alleged paraphernalia.
The information charged that appellant on February 22, 1980,
did unlawfully possess and have in his control a device, contrivance, instrument or paraphernalia with the intent then and there that said device, contrivance, instrument or paraphernalia be used for unlawfully smoking or using a substance controlled by Chapter 893 of Florida Statutes, said device, contrivance, instrument or paraphernalia being a gold cigarette case, a more particular description of which is to the State Attorney unknown... .
Section 893.13(3)(a), Florida Statutes (1979), provides:
It is unlawful for any person:
... .
4. To possess, have under his control, or deliver any device, contrivance, instrument, or paraphernalia with the intent that said device, contrivance, instrument, or paraphernalia be used for unlawfully administering any controlled substance.
Although the information does not track the statute word for word, the language used is sufficient to charge a crime under section 893.13(3)(a)4. The problem is that the evidence clearly indicates, and there is not even any speculation to the contrary, that the cigarette case in question was used only as a container in which to carry or store certain instruments (one or more of which may themselves have been properly classified as paraphernalia); there is absolutely no evidence that it could even possibly be used to administer a controlled substance.[1] Thus, there was insufficient evidence here to establish a prima facie case of possession of drug paraphernalia; appellant's possession of the cigarette case simply was not a crime under the law then in effect.
Prior to accepting a guilty or nolo contendere plea, the trial court must receive in the record factual information to establish the offense to which the defendant has entered his plea. Fla.R.Crim.P. 3.172(a); see Williams v. State, 316 So.2d 267 (Fla. 1975); Waugh v. State, 388 So.2d 253 (Fla.2d DCA 1980). Notwithstanding defense counsel's stipulation to a factual basis, appellant could not have been convicted of possession of drug paraphernalia on the facts before the trial court, incorporated by reference in that stipulation, and the trial *1258 court therefore erred in accepting appellant's nolo plea to this charge. Waugh v. State, supra.
Although appellant did not raise this precise issue either in the trial court or on this appeal, an appellate court will always consider a fundamental error that is apparent on the face of the record. Wyche v. State, 178 So.2d 875 (Fla.2d DCA 1965), appeal dismissed, 188 So.2d 310 (Fla. 1966). Fundamental error has been defined as error which goes to the foundation of the case or to the merits of the cause of action. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). We can think of no error more fundamental than the conviction of a defendant in the absence of a prima facie showing of the essential elements of the crime charged.
Accordingly, appellant's judgment and sentence for possession of drug paraphernalia is REVERSED. The judgment and sentence for possession of cocaine, however, is AFFIRMED.
SCHEB, C.J., and CAMPBELL, J., concur.
NOTES
[1] Section 893.145, Florida Statutes (Supp. 1980), effective October 1, 1980, comprehensively defines drug paraphernalia, and this definition includes all implements used or intended for use in storing or containing a controlled substance. Were this statute applicable here, appellant's cigarette case might fall within the definition of drug paraphernalia. Nevertheless, we are required to apply to appellant the law in effect at the time of the incident out of which the charge arose.