## LOCKHART v STATE OF FLORIDA

Case No. 84-224 AC (County Court Case No. 84-59454)

Eleventh Judicial Circuit, Appellate Division, Dade County

May 22, 1987

### APPEARANCES OF COUNSEL

**Frederick C. Sake** for appellant.

**Robert Butterworth,** Attorney General, and **Michael J. Neimand,** Assistant Attorney General, for appellee.

Before SHAPIRO, SOLOMON, ROBINSON, JJ.

## OPINION OF THE COURT

STEVEN D. ROBINSON, Judge.

This appeal follows denial of appellant's Motion to Set Aside his guilty pleas on the ground that it was not freely and voluntarily made and was prejudicial. The defendant claims prejudice occurred because an expungement and sealing of his record was denied because of a previous conviction.

The defendant was told that "he would not get a record". This vague explanation was inadequate as it did not explain the difference between a record of conviction and a record in general. There existed an honest misunderstanding. *Brown v. State,* 245 So.2d 41 (Fla. 1971). *Tobey v. State,* 458 So.2d 90 (Fla. 2d DCA 1984). The common meaning of the judge's language implies no adverse consequences from a plea.

In addition the trial court made no determination that the defendant understood the nature of the charges and the consequences of the plea. He could not have on the basis of the record before us. Also, the trial judge admitted when he heard the motion to vacate his plea that there was no factual basis in the arrest affidavit for the plea. This, by itself, is prejudicial because, viewing the evidence in the light most favorable to the state, the defendant was guilty of no crime whatsoever. *Waugh v. State,* 388 So.2d 253 (Fla. 2d DCA 1980).

The court's order denying the Motion to Set Aside Plea is reversed; the plea is vacated; and the cause is remanded for the defendant to be allowed to enter a not guilty plea and for trial proceedings to then ensue.