569 So.2d 872 (1990)
Aubrey Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02650.
District Court of Appeal of Florida, Second District.
November 9, 1990.
*873 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Of the two issues Aubrey Johnson raises in this appeal, we find merit in that portion of his appeal which challenges the judgment against him for possession of cocaine with intent to sell. Johnson argues that the state failed to establish the corpus delicti for the crime and that his confession should not have been admitted during trial. We agree.
Although Johnson's testimony disputes that of the arresting officers, the officers testified that Johnson was approached after he ran a stop sign while driving his automobile and that Johnson gave permission for the officers to search his automobile. As a result of that search, the officers found a small clear plastic bag containing a white substance later determined to be cocaine on the hump between the front seats and Johnson's car keys lying under the bag. The total weight of the cocaine was less than one gram.
Johnson was arrested and taken to the police department where he waived his Miranda rights and gave a taped statement. In the statement, after initially denying that the cocaine was his, Johnson admitted that it was his cocaine but that he had given it to a friend. Finally, he stated that he planned to sell the cocaine.
It is a long established principle in Florida that a defendant's confession to a crime cannot be the sole basis for that defendant's conviction for that crime; there must be prima facie evidence of the crime charged independent of the defendant's admission. Jordan v. State, 560 So.2d 315 (Fla. 1st DCA 1990); Finney v. State, 550 So.2d 1194 (Fla. 1st DCA 1989). Although we can find no case in Florida which sets forth the corpus delicti for the crime of possession of cocaine with the intent to sell, it would appear that the state *874 would have to show prima facie evidence that Johnson:
1. Possessed cocaine;
2. Knew it was cocaine; and
3. Had the intent to sell the cocaine.[1]
See Fla.Std.Jury Instr. (Crim.) 893.13(1)(a).
In this instance, there is no prima facie evidence that Johnson intended to sell the cocaine. All the state established in its case was that Johnson's automobile contained a bag of rock cocaine on the hump in between the seats within the exclusive ready reach of Johnson. This evidence is sufficient to infer knowledge by Johnson of the cocaine's presence and his actual or constructive possession of the cocaine, establishing the corpus delicti of possession, but in no way does that evidence demonstrate the element of Johnson's intent to sell that cocaine. There may be circumstances, not found in this case, where the amount of the cocaine or other factors may establish prima facie evidence of the crime of possession of cocaine with the intent to sell. However, the only evidence of an intent to sell cocaine in this instance is Johnson's admission of that intent, which standing alone is not permitted to establish the offense charged. See Jordan; Finney.
Johnson raises this principle for the first time as a basis for reversal in this appeal arguing that it is fundamental error. In Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971), after over-turning a conviction predicated only upon the defendant's confession, the first district court stated: "The principle under discussion is so fundamental in our law that when such error is committed, a reversal of the conviction is required." Id. at 162. This court's decisions in Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989) and Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981) also lend analogous support to Johnson's position that the error is fundamental. These cases hold that it is fundamental error to convict a defendant of a crime whose essential elements are not prima facie established by the evidence.
Because the only evidence of an intent to sell the cocaine is Johnson's confession, which cannot be considered under the case law, there is no prima facie evidence of the crime for which Johnson was convicted  possession with intent to sell cocaine. Therefore, the conviction must be overturned as fundamentally erroneous regardless of a lack of a contemporaneous objection below. Because the record evidence does establish the offense of possession, which is a lesser included offense of possession with intent to sell, see St. Fabre v. State, 548 So.2d 797 (Fla. 1st DCA 1989), this court could enter a judgment convicting Johnson of possession without a need to remand to the trial court for that purpose. See § 924.34, Fla. Stat. (1989); Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990). However, because this case must be remanded for resentencing for reasons stated below, we direct the trial court to enter judgment for possession upon resentencing.
Johnson was sentenced as a habitual violent felony offender under section *875 775.084(1)(b), Florida Statutes (1989),[2] to thirty years with a ten-year minimum mandatory sentence, because he committed the felony offense of possession with intent to sell cocaine within five years of his previous conviction for robbery, one of the enumerated violent felonies under the statute.
Johnson also complains on appeal that he should not have been sentenced as a habitual violent felony offender because the offense of possession with intent to sell cocaine is not a violent felony as those enumerated within the statute, and therefore no habit of violence has been established by the commission of a single violent felony  robbery  that would warrant application of the statute to him. The statute does not appear to address the precise concern which Johnson raises here and which may be a matter for legislative consideration.
A plain interpretation of the statute provides the trial court the discretion to sentence a defendant like Johnson, who has been convicted of a felony, regardless of it being violent or nonviolent, and who within the past five years has committed a violent felony as listed in the statute, as a habitual violent felony offender. The trial court's sentence of Johnson as a habitual violent felony offender, therefore, satisfies the prerequisites of the statute, and we would be required to affirm it but for our resolution of the corpus delicti issue. Because the trial court is directed on remand to enter judgment of conviction for simple possession which is a third-degree felony, see § 893.13(1)(f), rather than the second-degree felony of possession with intent to sell, see § 893.13(1)(a)1, Johnson is required to be resentenced under section 775.084(4)(b)3[3] to a term of years not exceeding ten, without eligibility for release for five years.
Reversed and remanded to the trial court for entry of a judgment for possession of cocaine and resentencing on that offense in accordance with this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] An argument can be made that since both of the crimes of possession of cocaine with the intent to sell and possession of cocaine both contain the element of possession, establishing that one element should establish prima facie evidence of either crime. Our research finds that principle has only been applied in cases of homicide. In Drysdale v. State, 325 So.2d 80 (Fla. 4th DCA 1976), the fourth district court observed:

Three elements must be proved in order to establish the corpus delicti in a homicide case:
(1) the fact of death; (2) the criminal agency of another person as a cause thereof; and (3) the identity of the decedent... .
"Evidence of `criminal agency of another,' as that phrase applies in connection with corpus delicti in homicide cases, means evidence that tends to show that the deceased died, not as the result of natural or accidental causes, or by his own hand, but by the hand of another under such circumstances that the killing would amount to homicide in any of its degrees."
Id. at 82-83. (Citation omitted.) Thus, it appears that once the above elements have been established in a homicide case, that satisfies the requisite proof of the corpus delicti for the separate and distinct degrees of homicide.
[2] The relevant part of that statute provides:

(b) "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for:
a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device or bomb,
j. Armed burglary, or
k. Aggravated battery;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later;
[3] That portion of the statute states:

(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
... .
3. In the case of a felony of the third degree, for a term of years not exceeding 10, and such offender shall not be eligible for release for 5 years.