HALL, Judge.
The state challenges the downward departure sentences imposed on the appellee, Richard McConnell, alleging that the reasons for departure are all invalid.[1] Because we find that fundamental error was committed in the instant case, we set aside the judgment and sentences. Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981).
Over the state’s objection, the trial court sentenced the appellee below the guidelines recommended range in exchange for the appellee’s plea of nolo contendere to charges of arson and criminal mischief.[2] It does not appear from the record, however, that the trial judge complied with his duty under Florida Rule of Criminal Procedure 3.172(a) to satisfy himself that there was a satisfactory basis for the appellee’s plea.
The fulfillment of this duty was particularly important in this case because the only evidence the appellee committed the offenses with which he was charged is an eyewitness’s statement as relayed in the investigating officer’s affidavit. The eyewitness told the officer the appellee was part of a group standing around a motorcycle and beating it and setting it on fire. The eyewitness heard the appellee cheering the group on as it damaged the motorcycle.
Because of the absence of a prima facie showing of the essential elements of arson and criminal mischief, we reverse the ap-pellee’s judgment and sentences for those offenses and remand for further proceedings consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.

. A downward departure at sentencing must be accompanied by written reasons entered contemporaneously with a nonguideline sentence. Ree v. State, 565 So.2d 1329 (Fla.1990).

. We note that without the state’s agreement no valid plea agreement exists and the defendant should be allowed to withdraw his plea.