CRIMINAL DIVISION EN BANC
ALLEN, Judge.
The appellant challenges orders entered in a juvenile delinquency proceeding, arguing that the corpus delicti of the offense was not established independent of his admission as to one of the elements. We conclude that this issue was not preserved for appeal, and because we thus clarify a prior decision of this court the case is being considered by the criminal division en banc, pursuant to Florida Rule of Appellate Procedure 9.331(b).
The corpus delicti of. an offense must ordinarily be established independent of the defendant’s admissions, e.g., Burks v. State, 613 So.2d 441 (Fla.1993), but in the present case the appellant’s statements were received into evidence without objection. When the appellant later moved for a judgment of acquittal he did not make a corpus delicti argument, and he did not otherwise raise the issue below. In Tompkins v. State, 502 So.2d 415 (Fla.1986), the supreme court suggested that it may be necessary to preserve the issue for appeal by first raising the matter in the trial court.
Although we described the corpus de-licti rule in Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971), as a “fundamental” principle of law which produces “fundamental error,” the recited facts in Farley do not clearly indicate whether the corpus delicti issue was raised at trial. To the extent that Farley may be read as suggesting that such preservation is not required, we would now abandon this interpretation. We likewise disagree with the second district decision in Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 167 (Fla.1991), which cited Farley and treated the issue as producing a “fundamentally erroneous” conviction, so as to permit reversal regardless of whether the issue was preserved at trial. The present case does not involve a situation such as Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989), where *361 the evidence negated the occurrence of a crime. Rather, in the present ease there was evidence as to each element of the offense, and the question of whether an independent corpus delicti was shown has not been preserved for review.
The appealed orders are affirmed.
MINER, WEBSTER, MICKLE, LAWRENCE and PADOVANO, JJ., concur.