OVERTON, Justice.
We have for review J.B. v. State, 689 So.2d 360 (Fla. 1st DCA 1997), which expressly and directly conflicts with Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990), on the issue of whether the absence of independent proof of the corpus delicti is an issue that can be raised for the first time on appeal. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we find that the issue must be raised at the trial court level to preserve it for appeal.
The record reflects the following relevant facts. On the evening of January 8, 1996, Officer Raymond White was in pursuit of a truck driven by J.B., a juvenile, and occupied by one other person, when two bottles flew out of the truck’s passenger-side window. Once Officer White stopped J.B., a second officer arrived on the scene. The second officer retrieved the two discarded bottles and gave them to Officer White.
Prompted by the littering and the apparent contents of the bottles, Officer White read J.B. his Miranda[1] rights. In response to questioning, J.B. stated that he and the passenger had each possessed a “beer.” After charging J.B. with underage possession of alcohol, Officer White disposed of the bottles.
In a pre-trial evidentiary hearing, J.B. successfully suppressed evidence regarding the type and content of- the bottles seized by the officers because they had been discarded. Nonetheless, the court found J.B. guilty of possession of alcohol by a person under 21, withheld adjudication of delinquency, and placed him on juvenile community control.
On direct appeal to the First District Court of Appeal, J.B. argued that his conviction rested on an admission introduced in the absence of independent proof of the corpus delicti. The admission in question was J.B.’s statement to Officer White that he had been in possession of “beer.” J.B. claimed that an independent corpus delicti establishing that J.B. had possessed a substance that was in fact alcoholic in nature had not been offered. The district court found that the issue had not been properly preserved for appeal because J.B. had allowed the admission into evidence without a contemporaneous objection. The district court further concluded that the introduction of the admission in the absence of independent proof of the corpus delicti did not constitute fundamental error so as to overcome the procedural bar.
We accepted review based on express and direct conflict with Johnson v. State, 569 So.2d 872 (Fla. 2d DCA 1990). In Johnson, the defendant was convicted of possession of cocaine with intent to sell based on a confession that was admitted ■ without the state’s having established an independent corpus de-licti. The Second District Court of Appeal concluded that, regardless of the lack of contemporaneous objection below, fundamental error occurs when a defendant’s confession is *1378 admitted without an independent corpus de-licti being established.[2]
In this proceeding, J.B. asks that we quash the district court’s decision in this case and approve the district court’s opinion in Johnson, finding the introduction of the admission into evidence in the absence of independent proof of the corpus delicti to be fundamental error. The State, on the other hand, not only asks that we approve the decision in J.B., but also asks that we eliminate altogether the requirement that an independent corpus delicti be established when offering a confession or admission against interest into evidence. This latter position,of the State would require us to overrule our recent decision in Burks v. State, 613 So.2d 441 (Fla.1993).
In Burks, we concluded that the State cannot offer into evidence an admission against interest to prove an element of the charged offense in the absence of an independently established corpus delicti. While we acknowledge that several jurisdictions have abandoned this rule,[3] we conclude that the policy considerations set forth in Burks are still applicable and we reaffirm the requirement that an independent corpus delicti must be established when offering an admission against interest into evidence. As we stated in Burks, the primary policy reason for the rule is that “[t]he judicial quest for truth requires that no person be convicted out of derangement, mistake or official fabrication.” Id. at 443 (quoting State v. Allen, 335 So.2d 823, 825 (Fla.1976)). We reject the State’s invitation to abolish the rule.
We next address the question of whether the admission of a confession into evidence without independent proof of the corpus delicti constitutes fundamental error. Generally, to raise an error on appeal, a contemporaneous objection must be made at the trial level when the alleged error occurred. Davis v. State, 661 So.2d 1193, 1197 (Fla.1995). In the absence of a proper objection, a trial judge does not have an obligation to prohibit inadmissible evidence from being considered by the fact finder. See Castor v. State, 365 So.2d 701 (Fla.1978); see also Charles W. Ehrhardt, Florida Evidence § 104.1 (1996). The contemporaneous objection rule serves several purposes. Most notably, the rule provides an opportunity for trial judges, who are most familiar with the case and proceedings, to respond to objections. Davis, 661 So.2d at 1197. Further, it prohibits counsel from attempting to gain a tactical advantage by allowing unknown errors to go undetected and then seeking a second trial if the first decision is adverse to the client. Id. Only when error is fundamental can. the error be raised on appeal in the absence of a contemporaneous objection. Crump v. State, 622 So.2d 963, 972 (Fla.1993); State v. Johnson, 616 So.2d 1, 3 (Fla.1993). An error is fundamental when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process. Johnson, 616 So.2d at 3.
We conclude that the allowance of a confession or admission against interest into evidence, without independent proof of the corpus delicti, requires a contemporaneous objection in order to preserve the issue for appeal. We suggested that an objection at trial is necessary under these circumstances in Tompkins v. State, 502 So.2d 415, 418 (Fla.1986), where we stated: “We first note that appellant never objected to the introduction of the confession [without independent proof of the corpus delicti] at trial. However, assuming arguendo that appellant’s motion for judgment of acquittal at the close of the state’s ease preserved the issue, we find no trial court error.” (Emphasis added.)
In finding this issue to constitute fundamental error in Johnson, the Second District relied by analogy on its decisions in Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989), and Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981), for the proposition that the error *1379 in admitting the defendant’s confession without independent proof of the corpus delicti was fundamental. In Nelson, the court held that the defendant’s flight from an officer, as the sole evidence against the defendant, could not support a charge of resisting arrest. Similarly in Dydek, a conviction for possession of drug paraphernalia was reversed where the evidence could not have been used to administer a controlled substance. In each case, fundamental error occurred because prima facie evidence of the crime charged was not presented. However, these cases are distinguishable because in the instant case, prima facie evidence as to each element of the offense was presented.
Moreover, we' have declined to recognize fundamental error in analogous circumstances. For example, the failure to make certain findings required by statute before allowing a child to testify via closed circuit television does not constitute fundamental error. Hopkins v. State, 632 So.2d 1372, 1374-75 (Fla.1994). Further, fundamental error does not exist where sworn testimony from a previous trial is admitted and the defendant fails to object on the grounds that he was unable to cross-examine a witness. Downs v. State, 572 So.2d 895, 900 (Fla.1990). As in these cases, we conclude that J.B.’s failure to object to the admission of his confession without the corpus delicti having been established by independent proof did not result in a denial of his right to due process.
J.B. also contends that even if the admission of a confession in the absence of independent proof of the corpus delicti is not fundamental error,' the evidence in this case is circumstantial and is consistent with a reasonable hypothesis that the “beer” he acknowledged possessing was non-alcoholic. As to this issue, we find that J.B.’s admission that the substance he possessed was “beer” is direct evidence and is sufficient to make a prima facie showing that the substance was alcoholic in nature. See § 562.47(1), Fla.Stat. (1995).
For the reasons expressed, we approve the decision of the district court and disapprove the Second District’s decision in Johnson to the extent that it conflicts with our holding here.
It is so ordered.
KOGAN, C.J., SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The district court based this conclusion on Farley v. City of Tallahassee, 243 So.2d 161 (Fla. 1st DCA 1971), which was overruled by the First District in the instant case. J.B., 689 So.2d at 360.

. See David M. Nissman & Ed Hagen, Law of Confessions § 12:2, 4, nn. 8.1 & 26 (2d ed. 1994 & Supp.1997).