PER CURIAM.
Petitioner, Kenneth D. Allen, seeks cer-tiorari review of a judgment entered by the Circuit Court of Santa Rosa County, acting in its appellate capacity. The order determined that the county court’s summary denial of petitioner’s motion to withdraw his nolo contendere plea to charges of improper exhibition of a firearm and discharge of a firearm in public was improper, because petitioner raised the possibility of a defense to the improper exhibition charge. The appellate court found the record failed to demonstrate that the trial court made further inquiry regarding the factual basis for the plea after the possibility of a defense was raised, and it thereupon remanded to the trial court for further inquiry concerning the factual basis for the improper exhibition of a firearm charge. The circuit court concluded the only issue preserved for appellate review was the challenge to factual basis for the improper exhibition of a firearm charge, and declined to address the other issues petitioner raised in his direct appeal. Because we have determined that certiorari review is appropriate in the circumstances *739 of this case, we issue the writ and remand for further proceedings.
On June 29, 2002, petitioner was arrested on charges of (1) improper exhibition of a firearm or dangerous weapon, pursuant to section 790.10, Florida Statutes (2002), and (2) discharge of a firearm in public, pursuant to section 790.15(1), Florida Statutes (2002). Both offenses are first-degree misdemeanors. According to the probable cause statement of the arrest report, the arresting officer responded to a disturbance at a trailer park which was reported by a caller at the park.. The officer took statements from individuals in the vicinity of the disturbance, including statements from the petitioner’s live-in girl friend and petitioner. The essence of these statements was that petitioner and his girl friend engaged in a loud verbal argument, which apparently culminated when petitioner’s mother and his girl friend left the trailer and walked across the street. Shortly thereafter, gunshots were heard.
On July 16, 2002, petitioner appeared before the county court without counsel, and entered a no-contest plea to the charges of improper exhibition of a firearm and discharge of a firearm in public. The plea colloquy provides in pertinent part:
THE COURT: Would the State say-a factual basis for the plea?
[PROSECUTOR]: Yes, Your Honor. On or about June 29, 2002, the Defendant, Kenneth Dwayne Allen, did exhibit a dangerous weapon or firearm and did shoot or discharge the firearm in Santa Rosa County. - ‘
THE COURT: All right. Do you agree with that?
MR. ALLEN: Except for one thing. It wasn’t like that. I was just cleaning the gun. That’s the way I always do it, you know, fire a couple of shots. I didn’t know it was against the law to fire a gun.
THE COURT: All right. But for purposes of the plea, you’re stipulating it is?
MR. ALLEN: Yes, sir.
The trial court adjudicated petitioner guilty of both charges, and. imposed consecutive one-year terms of probation as to each charge, together with twenty days of incarceration in county jail as a special condition ’ of probation on the charge of improper exhibition of a firearm. On July 19, 2002, petitioner, through counsel, moved to set aside the plea and sentence, on the ground that the trial court failed to establish an adequate factual basis for the charge of improper exhibition of a firearm. Four days latér, the trial court summarily denied the motion. Petitioner appealed to the appellate division of the circuit court, challenging (1) the warrantless arrest for offense's not committed in the presence of the arresting officer, (2) the failure to show that petitioner knowingly and voluntarily entered the no contest plea, and (3) denial of due process.
On June 24, 2003, the appellate division of the circuit court issued an opinion remanding the case to the trial court for further inquiry regarding the factual basis for the improper firearm exhibition charge, finding that this issue was the only issue petitioner preserved for review by his motion to withdraw plea, and that all other errors' raised in petitioner’s briefs were neither preserved for review nor fundamental error. Petitioner filed a motion for reconsideration or clarification of’the appellate decision, urging, among other things, that he raised a defense as to both charges. He further contended the lack of a factual basis for the prima facie elements of an offense charged is fundamental error, which may be raised for the first time on appeal. The circuit court denied the motion to reconsider, reaffirming that *740 petitioner was entitled to further inquiry-only “as to the factual basis for the charge of Improper Exhibition of a Firearm.”
Petitioner seeks to invoke this court’s certiorari jurisdiction to quash the order of the circuit court, and to enter an order granting petitioner’s motion to set aside the plea, judgment, and sentence, and to direct petitioner’s discharge.
We are cognizant of the deliberation and prudence which district courts must apply in an exercise of certiorari review. See, generally, Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997). In Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000), the supreme court recited the established standard of review, instructing that:
[T]he proper inquiry under certiorari review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law. See Heggs, 658 So.2d at 528; see also Combs v. State, 436 So.2d 93, 95 (Fla.1983)(holding that in considering common law certiorari, district courts of appeal should be primarily concerned with the seriousness of the error, not the mere existence of error, and should exercise certiorari discretion only when there has been a violation of clearly established principles of law resulting in a miscarriage of justice); Martin County v. City of Stuart, 736 So.2d 1264, 1265 (Fla. 4th DCA 1999)(holding that when a district court of appeal reviews by certiorari the decision of a three-judge panel of the circuit court in its appellate capacity, the district court is limited to determining whether there was a lack of procedural due process or a departure from the essential requirements of law).
In this context, “applied the correct law” is synonymous with “observing the essential requirements of law.” See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). Therefore, “[a] district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003).
Petitioner contends the circuit court departed from the essential requirements of law in failing to direct the trial court to include the discharge of a firearm charge on remand for further inquiry as to the factual basis for the plea. We agree. “The purpose of the factual basis requirement is to insure ‘that the facts of the case fit the offense with which the defendant is charged.’ ” Davis v. State, 605 So.2d 936, 938 (Fla. 1st DCA 1992) (quoting Williams v. State, 316 So.2d 267, 271 (Fla.1975)). Accord State v. Pelham, 737 So.2d 572, 573 (Fla. 1st DCA 1999) (“The purpose of determining whether a factual basis for a plea exists is to prevent a defendant from mistakenly entering a plea to the wrong offense.”). Before accepting a plea of guilty or no contest, “the trial court must receive in the record factual information to establish the offense to which the defendant has entered his plea.” Dydek v. State, 400 So.2d 1255, 1257 (Fla. 2d DCA 1981). See also Waugh v. State, 388 So.2d 253, 254 (Fla. 2d DCA 1980) (citing Williams v. State, 316 So.2d 267 (Fla.1975)). In Dydek, the court stated: ‘We can think of no error more fundamental than the conviction of a defendant in the absence of a prima facie showing of the essential elements of the crime charged.” Dydek, 400 So.2d at 1258.
In this case, the transcript of the plea proceeding establishes that the trial court failed to determine an adequate factual basis for the existence of the charges against petitioner. The circuit court failed to comply with the established principle of law which holds that it is fundamental *741 error to convict a defendant in the absence of a prima facie showing of the elements of the offense charged.[1]
As a final note, we conclude petitioner has made a sufficient showing of a violation of clearly established principles of law resulting in a miscarriage of justice. Where, in the course of a plea colloquy, the defendant raises the possibility of a defense, “the potential prejudice is considered apparent and a further inquiry by the trial court is necessary.” Williams v. State, 534 So.2d 929, 930 (Fla. 4th DCA 1988) (citing State v. Kendrick, 336 So.2d 353 (Fla.1976)). If the trial court does not conduct an adequate inquiry with regard to the asserted defense, the defendant has demonstrated prejudice and is entitled to a writ of certiorari and remand for further inquiry into the factual basis for the plea. See Williams, 534 So.2d at 931; Farley v. City of Tallahassee, 243 So.2d 161, 162 (Fla. 1st DCA 1971) (state must establish every element of the crime charged independently of any admission or confession of the defendant).
Here, petitioner’s comments at the plea colloquy establish that he was not cognizant of the particulars of the charges against him. Moreover, petitioner’s comments demonstrate existence of a possible defense to both charges, but the trial court failed to inquire further, thereby raising doubt as to the validity of the plea. We conclude that the circuit court, sitting in its appellate capacity, departed from the essential requirements of law by ruling that petitioner was entitled to remand for further inquiry into the factual basis for the improper exhibition of a firearm charge, but not as to the factual basis for the offense of discharge of a firearm in public.
Accordingly, we GRANT the petition in part, QUASH that portion of the circuit court order which denied relief as to the second charge, and REMAND the case to the circuit court for further proceedings consistent with this opinion.
WOLF, C.J., ERVIN and VAN NORTWICK, JJ., concur.

. In this regard, we conclude the deficiency in the factual basis for both charges is not cured by the probable cause statement of the arrest report.