IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

REGINALD L. HENRY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IS FILED

CASE NO. 1D16-2415

Opinion filed August 15, 2017.

An appeal from the Circuit Court for Leon County.
William Gary, Judge.

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez and Jennifer Moore,
Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant challenges the trial court's denial of two pretrial motions to suppress regarding a recording the victim made on her cell phone of a conversation with Appellant in which he made threats in an apparent attempt to extort money from

her. It is well-settled that "to raise an error on appeal, a contemporaneous objection must be made at the trial level when the alleged error occurred." Carr v. State, 156 So. 3d 1052, 1062 (Fla. 2015) (quoting J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998)). Although section 90.104(1), Florida Statutes (2012), provides that, "[i]f the court has made a definitive ruling on the record admitting . . . evidence, either at or before trial, a party need not renew an objection . . . to preserve a claim of error for appeal," the statute does not apply to the circumstances in the instant case. Here, the trial court denied both of Appellant's motions to suppress and ruled the recording was admissible. Subsequently, at trial, the State moved to introduce the recording, and Appellant's counsel affirmatively stated, "no objection." Pursuant to the Florida Supreme Court's decision in Carr, counsel's statement of "no objection" acted to abandon or waive the prior motions to suppress. See 156 So. 3d at 1062. Accordingly, this issue was not preserved for appeal, and we affirm without further discussion.

WOLF, RAY, and BILBREY, JJ., CONCUR.