# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2185
Lower Tribunal No. F19-19019
_____

**Andres Andres,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Sanchez Fischer Levine, LLP, and Fausto Sanchez, Alexander Fischer, Manpreet K. Uppal-Gupta, and Robert Kemper, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

## INTRODUCTION

Andres Andres appeals from a judgment and sentence following a jury trial in which Andres was found guilty of attempted first-degree murder, aggravated battery, and attempted robbery with a deadly weapon.

On appeal, Andres contends the trial court abused its discretion in finding him competent to proceed and in denying his motion for continuance of the trial. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

During the pendency of his case, Andres was examined and evaluated for competency on four separate occasions by two different psychologists. In October 2019, Dr. Richardson, a forensic psychologist performing court-ordered competency evaluations for nearly twenty years, examined Andres and concluded that he was competent to proceed. In December 2019, Dr. Pena, a clinical psychologist who began performing court-ordered competency evaluations in 2019, examined Andres and also concluded he was competent to proceed.[1]

---

[1] In November 2019, Andres was referred to the Agency for Persons with Disabilities to be formally assessed for a diagnosis of intellectual disability. However, a valid result from the assessment could not be obtained because a standard malingering test was conducted, and indicated "a lack of effort clearly played a role in Andres' poor performance" in the evaluation process.

Thereafter, the onset of the COVID-19 pandemic resulted in the suspension of criminal jury trials. Nearly eighteen months later, the trial court ordered a second round of evaluations, performed by the same doctors. In April 2021, Dr. Richardson, upon reexamination of Andres, concluded once again that he was competent to proceed, finding little to no differences in Andres' presentation since his October 2019 evaluation. Conversely, Dr. Pena examined Andres again and this time concluded he was incompetent to proceed.

At a status hearing, the parties presented to the trial court these updated, and now conflicting, evaluations by Dr. Richardson and Dr. Pena. The State requested an evidentiary hearing pursuant to Florida Rule of Criminal Procedure 3.212. The trial court inquired whether a third evaluation might be appropriate, but the State indicated it objected to any further evaluations, and that its preference was to proceed to a competency hearing, at which the court would hear testimony from the two doctors and could then make its own determination regarding Andres' competence to proceed. The State further posited that Dr. Pena's report was lacking in specificity as to certain significant issues, as compared with Dr. Richardson's report, which the State believed represented a more thorough evaluation of Andres' competency. Andres' counsel did not object to the State's request to proceed

3

to a hearing with the two doctors; nor did Andres' counsel request the appointment of a third expert to evaluate Andres.

The evidentiary hearing was held shortly thereafter. Dr. Richardson and Dr. Pena testified and were subject to cross-examination. Following the presentation of their testimony, and argument from counsel, the trial court addressed in detail the testimony presented and annotated the totality of the circumstances considered in its determination, concluding ultimately that Andres was competent to proceed.

After the trial court announced its determination that Andres was competent to proceed, Andres' counsel for the first time requested that the court appoint a third doctor to "break the tie." The trial court denied that request. The trial court later denied Andres' request for a continuance of the trial, and Andres was ultimately convicted of attempted first-degree murder, attempted armed robbery, and aggravated battery, and was sentenced to twenty years in state prison, followed by a combined total of ten years' community control and probation. This appeal followed.

**ANALYSIS AND DISCUSSION**

As an initial matter, Andres has failed to adequately preserve the claim, raised in this appeal, that the trial court abused its discretion in denying the request to appoint a third doctor to evaluate Andres. At no time prior to the

conclusion of the competency hearing did Andres request the appointment of a third doctor to perform a competency evaluation. Indeed, at the hearing, where the reports of the two doctors were presented, the trial court raised the possibility of appointing a third doctor. Andres' counsel did not indicate whether he agreed with that suggestion, nor did he object to the State's counter-suggestion of proceeding to a competency hearing with the two doctors and without appointing a third doctor to evaluate Andres. It was only after the competency hearing was concluded—and after the trial court announced its decision finding Andres competent to proceed—that defense counsel, for the first time, requested the appointment of a third doctor to evaluate Andres.

This request came too late to preserve the issue for our review. As a general rule, fully applicable here, "to raise an error on appeal, a contemporaneous objection must be made at the trial level when the alleged error occurred." J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998). The contemporaneous objection not only provides the trial court an opportunity to prevent, correct or mitigate errors, but also "prohibits counsel from attempting to gain a tactical advantage by allowing unknown errors to go undetected and then seeking a second trial if the first decision is adverse to the client." Id. (citing Davis v. State, 661 So. 2d 1193, 1197 (Fla. 1995)). See

5

also <u>Clear Channel Commc'ns, Inc. v. City of N. Bay Village</u>, 911 So. 2d 188, 190 (Fla. 3d DCA 2005) ("The purpose for requiring a contemporaneous objection is to put the trial judge on notice of a possible error, to afford an opportunity to correct the error early in the proceedings, and to prevent a litigant from not challenging an error so that he or she may later use it for tactical advantage") (internal citations omitted).

Even if the issue were properly preserved, we find on the merits that the trial court did not abuse its discretion. Although the trial court certainly had the discretion to appoint a third doctor to conduct a competency examination, it was not required to do so. <u>See</u> Fla. R. Crim. P. 3.210(b) ("If, at any material stage of the criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, . . . <u>and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing</u>") (emphasis added).

Further, the trial court conducted the required evidentiary hearing, at which both doctors were cross-examined, and the trial court determined that Dr. Richardson's testimony was more credible, his evaluation more

thorough, and his conclusions more reasonable. The trial court explained the basis for its ultimate determination that Andres was competent to proceed.

In addition, we note that the determination of a defendant's competency is not simply a "battle of the experts" requiring the appointment of a third expert to "break the tie" between the first two. After all, the evaluations and reports of the doctors are advisory only. Aquino v. State, 290 So. 3d 525, 528 (Fla. 3d DCA 2019). Even if the two appointed experts are in agreement on the question of a defendant's competency, a trial court cannot serve merely as a rubber stamp, but must make its own independent determination of whether a defendant is competent to proceed. Id. And, of course, "when the experts' reports conflict, it is the function of the trial court to resolve such factual disputes, and the trial court's determination should be upheld absent an abuse of discretion." Evans v. State, 800 So. 2d 182, 188 (Fla. 2001). See also Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014); Losada v. State, 260 So. 3d 1156, 1162 (Fla. 3d DCA 2018).

As to the merits of the trial court's determination that Andres was competent to proceed, we likewise find no abuse of discretion. See Moreno v. State, 232 So. 3d 1133, 1136 (Fla. 3d DCA 2017) ("A trial court's decision regarding competency will stand absent a showing of abuse of discretion,"

and that decision "does not constitute an abuse of discretion unless no reasonable person would take the view adopted by the trial court") (quoting McCray v. State, 71 So. 3d 848, 862 (Fla. 2011)) (additional quotation omitted). See also Huggins v. State, 161 So. 3d 335, 344 (Fla. 2014) ("In arriving at a conclusion as to the defendant's competency, the court should consider several factors, including "the defendant's appreciation of the charges and the range and nature of possible penalties; the ability to assist one's attorney and disclose relevant facts surrounding the alleged offense; the ability to manifest appropriate courtroom behavior; and the capacity to testify relevantly."[2] When reviewing a competency determination on appeal, this court applies the competent, substantial evidence standard of review. In

---

[2] See also Fla. R. Crim. P. 3.211(a)(2), which provides:

> In considering the issue of competence to proceed, the examining experts shall consider and include in their report:
>
> (A) the defendant's capacity to:
> (i) appreciate the charges or allegations against the defendant;
> (ii) appreciate the range and nature of possible penalties, if applicable, that may be imposed in the proceedings against the defendant;
> (iii) understand the adversary nature of the legal process;
> (iv) disclose to counsel facts pertinent to the proceedings at issue;
> (v) manifest appropriate courtroom behavior;
> (vi) testify relevantly; and
>
> (B) any other factors deemed relevant by the experts.

other words, even where conflicting evidence is presented on an issue, if the trial court's determination is supported by competent, substantial evidence, it will not be disturbed on appeal. Hernandez–Alberto v. State, 889 So. 2d 721, 727 (Fla. 2004). Upon our review of the record, we conclude the trial court's determination that Andres was competent to proceed was amply supported by competent, substantial evidence, and therefore "we may not substitute our judgment for that of the trial judge." Mason v. State, 597 So. 2d 776, 779 (Fla. 1992).

Finally, we find Andres has failed to establish an abuse of discretion in the trial court's order denying Andres' motion for continuance of the trial. See Hernandez-Alberto, 889 So. 2d at 730 ("We have repeatedly held that 'the denial of a motion for continuance is committed to the sound discretion of the trial judge.' A 'court's ruling on a motion for continuance will only be reversed when an abuse of discretion is shown. An abuse of discretion is generally not found unless the court's ruling on the continuance results in undue prejudice to the defendant. This general rule is true even in death penalty cases. While death penalty cases command our closest scrutiny, it is still the obligation of an appellate court to review with caution the exercise of experienced discretion by a trial judge in matters such as a motion for a continuance'" (internal citations omitted)).

Affirmed.