DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DELRAY ANTONIO MONTAQUE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0178

[April 1, 2026]

Appeal from Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 312019CF001629A

Daniel Eisinger, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

LOTT, J.

Appellant appeals his convictions for first-degree murder and attempted second-degree murder. We write only to address preservation as to Appellant's challenge to the admission of certain exhibits[1] introduced by the State; we otherwise summarily affirm.

Appellant objected in a pre-trial motion to certain exhibits that the State sought to admit at trial. The trial court overruled the objections. When the State later sought to admit the evidence at trial, in accordance with the court's pre-trial rulings, Appellant's counsel affirmatively stated, "no objection."

That statement waived the prior objections and did not preserve the issues for appellate review.

Section 90.104(1)(b), Florida Statutes (2024), states that "[i]f the court has made a definitive ruling on the record admitting or excluding evidence, either at

---

[1] We write to address, specifically, preservation concerning the jailhouse notes and jail surveillance videos. Appellant's pre-trial objections regarding the neighborhood surveillance videos were renewed at trial and were thus preserved for appellate review. However, such matters do not warrant discussion here.

or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." But the Florida Supreme Court has held that where, as here, a party affirmatively states he has "no objection" at trial, even if he previously obtained a definitive pre-trial ruling, he abandons the previously made objection and consequently fails to preserve the issue for appeal. In *Carr v. State*, 156 So. 3d 1052 (Fla. 2015), after noting the statute, our Supreme Court held:

> Here, Carr's trial counsel objected to the school record's admission at a pretrial hearing, and the trial court ruled that the record was admissible. However, when the State offered the record into evidence during the guilt phase, Carr's trial counsel affirmatively stated "no objection." In so doing, trial counsel abandoned her pretrial objections to the record's admissibility, and we decline Carr's invitation to revive them.

*Carr*, 156 So. 3d at 1062 (cleaned up).

These rules are, perhaps surprisingly, not inconsistent. Counsel need not *renew* the objection to preserve the issue for appeal. But counsel, at trial, can *abandon* the issue by stating that he has "no objection" when subsequently asked about it.

Perhaps this rule is not the most practical. To preserve an objection raised before trial in a motion in limine, the proper response at trial might be, "Subject to and without waiving my previous objection upon which the court ruled, no additional objection."

But counsel should heed the rule, at least until our Supreme Court revisits it in an appropriate case. *See Xolo v. State*, 396 So. 3d 416, 419 (Fla. 6th DCA 2024), *review denied*, No. SC2024-1500, 2025 WL 88675 (Fla. Jan. 14, 2025) ("We recognize that parties and their counsel throughout our state may similarly face the conundrum when they are asked more than once in a case for their position on whether a specific item of evidence should be admitted. The most we can do here is flag the tension between the statute and the precedent for another look by the Florida Supreme Court in an appropriate case."); *Henry v. State*, 230 So. 3d 56, 57 (Fla. 1st DCA 2017) ("Pursuant to the Florida Supreme Court's decision in *Carr*, counsel's statement of 'no objection' acted to abandon or waive the prior motions to suppress.") (citing *Carr*, 156 So. 3d at 1062).

*Affirmed.*

GROSS and CIKLIN, JJ., concur.
CIKLIN, J., concurs specially with opinion.

CIKLIN, J., concurring specially.

2

I concur fully in the majority opinion because *Carr v. State* controls the outcome here. Under *Carr*, a defendant who affirmatively states "no objection" at trial abandons any prior objection—even one previously ruled upon definitively.

I write separately only to underscore the tension between that rule and section 90.104(1)(b), Florida Statutes, which provides that a party need not renew an objection after a definitive ruling to preserve a claim of error. The interaction between the statute and *Carr* can create uncertainty for trial counsel when asked, at trial, whether there is an objection to the admission of evidence previously challenged.

Until the Supreme Court revisits the issue, however, *Carr* remains binding precedent, and we are obligated to apply it.

Accordingly, I concur.

*    *    *

**Not final until disposition of timely-filed motion for rehearing.**