# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D25-0237
Lower Tribunal No. F23-22768

————————————

**Isiah Rashad Moore,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Lourdes B. Fernandez, Assistant Attorney General, for appellee.

Before LINDSEY, LOBREE and GOODEN, JJ.

LINDSEY, J.

Appellant, Isiah Rashad Moore, appeals from a judgment and conviction for armed carjacking and possession of a firearm by a convicted felon. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.140(b)(1)(D) & (F).

## BACKGROUND

This case arises from a carjacking incident that occurred on November 15, 2023. Victim Muller Tercier arrived home from a friend's house and parked his car around 1 a.m. He was sitting in his car, on the phone, when a man approached his vehicle with a gun in his hand. The man pointed the gun at Tercier and demanded his car keys. Then, a second man appeared with a gun. Tercier was told to get out of the car, lie down on the ground and look away. He complied and the men proceeded to take off in his vehicle.

Approximately thirty-two hours later, on the morning of November 16, Trooper Hernandez spotted the vehicle, identified the license plate, and determined it matched the tag number and description on a recent be-on-the-look-out ("BOLO"). Hernandez conducted a traffic stop on the vehicle being driven by Moore. Moore was arrested without incident. His girlfriend and baby were also in the vehicle. Bodycam footage depicts a very distraught Moore sobbing uncontrollably on the ground.

2

Later that day, Tercier identified Moore as the perpetrator from a photo lineup. Moore was charged with armed carjacking and possession of a firearm by a convicted felon. The case proceeded to trial. Moore was found guilty of armed carjacking. Thereafter, there was a short trial on Moore's status as a prison release reoffender. Moore's probation was set to expire in November 2024, but the carjacking was committed in November 2023. The jury found that the carjacking was committed within three years of Moore being released from a county detention facility. As such, Moore was given a mandatory life sentence. This appeal followed.

**ANALYSIS**

On appeal Moore argues the trial court erred by: (1) overruling Moore's objection regarding "general criminal behavior;" (2) denying defense counsel's cross-examination of the victim concerning the victim's probationary status; (3) denying defense counsel's requested instruction on the "good faith belief" defense. We affirm grounds two and three without further elaboration.

"A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard." Morris v. State, 233 So. 3d 438, 446 (Fla. 2018). "Whether an error is fundamental—meaning that the error goes to the foundation of the case or goes to the merits of the cause of action, — is

3

a question of law we review de novo."   State v. Smith, 241 So. 3d 53, 55 (Fla. 2018) (citations modified).

During Trooper Hernandez's testimony, the jury was shown a dashcam video of the interaction between Hernandez and Moore.  Hernandez then made an in-court identification of Moore as the individual who was driving the stolen vehicle.  During re-direct by the State, the following colloquy took place:

> Q And is this the first time you have ever stopped a stolen vehicle?
>
> A No. I recovered [] 165 of them last year.
>
> Q [] 165, that sounds like a lot.
>
> . . .
>
> **Q So, this isn't some sort of outlier situation where Mr. Moore is the only person who [has] not concealed the license plate on the stolen vehicle?**
>
> **MS. GOLDSTEIN: Objection, relevance.**
>
> **THE COURT: Overruled[.]**
>
> BY MR. HERNANDEZ:
>
> Q This is not an outlier situation where Mr. Moore is the only person who [has] ever stolen a car and didn't cover the license plate?
>
> A That is correct.

4

(emphasis added).  This "general criminal behavior" line of questioning was reintroduced in the State's closing statement as follows: "You heard Trooper Hernandez state he's pulled over probably 163 stolen vehicles and what else did he say? He said that the majority of those stolen vehicles [still had their original] license plates on them.  Just like in this case."

Moore argues that Trooper Hernandez's testimony regarding the "criminal pattern of others" was completely irrelevant and unfairly prejudicial. We disagree.  Although Moore did not testify, he argues that the heart of the defense was that he was not the carjacker and that he did not know the car was stolen.  Because of this, he claims that the testimony that Moore's conduct is similar to others who steal cars and don't alter the license plate, constitutes irrelevant "general criminal behavior."  As reflected above, the officer testified that Moore's conduct was not that of an outlier and that in his career he has seen many carjackings where the perpetrator does not remove the original tag.

Sections 90.401 and 90.402, Florida Statutes, provide that relevant evidence tending to prove, or disprove, a material fact is admissible, except as provided by law.  In this connection, testimony regarding general criminal behavior comparing similar acts to the charged offense can be relevant because it tends to prove guilt.  As noted by the State, such testimony may

5

be deemed prejudicial in that its relevancy may be outweighed by inherent prejudice. When such testimony is excluded, it's excluded on grounds of prejudice, not relevance. Burton v. State, 237 So. 3d 1138, 1142-43 (Fla. 3d DCA 2018). Relevance is the prerequisite to admissibility. Id. at 1141. Stated differently, Moore's objection as to relevance, does not serve to preserve his unfair prejudice claims. As such, Moore's unpreserved unfair prejudice claims must be reviewed for fundamental error.

"Fundamental error 'goes to the foundation of the case or the merits of the cause of action and is equivalent to the denial of due process.'" Hayes v. State, 276 So. 3d 950, 953 (Fla. 3d DCA 2019) (quoting J.B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998)).

Here, Moore argues Trooper Hernandez's testimony was improper because it invited the jury to draw a prejudicial inference of guilt. The State, on the other hand, argues the testimony was introduced to oppose a theory of defense. Specifically, the State argues that Moore opened the door to this testimony because in the opening statement Moore claimed that a guilty man would not steal a car then drive with an unaltered license plate in broad daylight. See Rodriguez v. State, 753 So. 2d 29, 42 (Fla. 2000) ("As an evidentiary principle, the concept of 'opening the door' allows the admission of otherwise inadmissible testimony to 'qualify, explain, or limit' testimony or

6

evidence previously admitted." (quoting Tompkins v. State, 502 So. 2d 415, 419 (Fla. 1986))).

Florida courts have criticized the use of testimony from police officers regarding their experience with other criminals as substantive proof of a particular defendant's guilt or innocence. See Lowder v. State, 589 So. 2d 933, 935 (Fla. 3d DCA 1991). This is because, "[t]he only purpose of testimony regarding criminal behavior patterns is to place prejudicial and misleading inferences in front of the jury." Id. (citation omitted). But note that otherwise inadmissible testimony may be admitted once the defendant "opens the door" to that subject. Rodriguez, 753 So. 2d at 42. Moreover, a trial judge has significant discretion in determining the prejudicial nature of evidence and its relevance at trial. Id.

Finally, the testimony on "general criminal behavior" was not the "substantive proof of guilt" as the total evidence presented by the State was substantial. The State relied on Tercier's testimony, his description of the gunman and positive identification of Moore as the carjacker, both at the photo lineup and in court. Said testimony aligned with Trooper Hernandez's locating and apprehending Moore driving the stolen vehicle. Given the totality of the State's evidence to establish guilt, we can find no fundamental error.

## CONCLUSION

For the reasons set forth above, we affirm.