734 So.2d 1050 (1998)
Mark SHERWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-869.
District Court of Appeal of Florida, First District.
October 15, 1998.
*1051 Pro se, for Appellant.
Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the denial of his claims for post-conviction relief in two separate cases. We affirm in part, reverse in part and remand as set forth below.
In Case No. 94-2249, appellant pled no contest to the crime of burglary of a structure and was sentenced to 15.7 months in prison. In a motion for post-conviction relief, filed pursuant to Fla.R.Crim.P. 3.850, he alleged that no factual basis was elicited for his plea and that he could not have been found guilty of burglary where the allegations set forth in the probable cause affidavit alleged that he had entered the premises with the permission of someone authorized to act on behalf of the owner. He alleged further that he would not have entered his plea had he been aware that there existed no factual basis therefor. The lower court denied this claim for relief on the grounds that collateral relief was barred where this issue could have been raised on direct appeal.
Florida Rule of Criminal Procedure 3.172 mandates that a trial court determine whether there is a factual basis for a plea before it is accepted. The purpose of this requirement is to prevent a defendant from mistakenly entering a plea to the wrong offense. See State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995). Even though a trial court fails to determine a factual basis for a plea, however, the plea will not be set aside after its acceptance absent a showing of prejudice or manifest injustice. Id. On the instant record, we are unable to determine whether a factual basis for the plea was elicited. Construing appellant's allegations as true, his claim is legally sufficient to withstand summary denial of relief, the prejudice being that he may have entered a plea to an offense for which he could not have been convicted. We reverse and remand for attachment of portions of the record refuting the claim, or for an evidentiary hearing. See e.g., Arroyo v. State, 673 So.2d 919 (Fla. 2d DCA 1996)(reversing denial of 3.850 motion where order did not include record *1052 attachments to refute claim that trial court failed to a elicit factual basis for the crime to which defendant entered plea); Franklin v. State, 645 So.2d 166 (Fla. 4th DCA 1994)(considering 3.850 claim alleging no factual basis for plea and remanding for attachments refuting claim, or for evidentiary hearing).
In Case No. 95-1886, appellant was convicted by jury of burglary of a dwelling and aggravated battery. On direct appeal, this court affirmed the convictions and sentences. Thereafter, appellant filed a 3.850 motion setting forth numerous claims of ineffective assistance of counsel and a claim of improper habitualization. The lower court entered an order denying relief, specifically addressing some, but not all, of the claims of ineffective assistance, and failing entirely to address the claim that the habitual offender sentence was improperly imposed. A subsequent motion for rehearing, and request to filed an amended 3.850 motion, was denied.
Of the claims addressed by the lower court in its order, we find that denial of relief was proper except as to the claim set out in Ground 1(a) of the motion, to wit: that trial counsel was ineffective in failing to object to the admissibility of jeans found in appellant's home on the ground of unreliability in that a proper chain of custody had not been established where the jeans were not logged into the police evidence room until two days after they had been obtained in the search. Appellant alleges he was prejudiced by the admission of the jeans into evidence in that the jeans contained blood matching the DNA of the victim. In denying this claim for relief, the lower court attached portions of the trial transcript reflecting that trial counsel engaged the state's witnesses in questioning regarding the chain of custody of certain evidence and made a standing objection to the admissibility of evidence illegally obtained. However, these attachments do not demonstrate that trial counsel posed a chain-of-custody objection with regard to the admissibility of the jeans. We cannot determine on the instant record whether trial counsel challenged the admission of the jeans on this ground and if in fact there was any basis for such a challenge, and we are unable to ascertain whether the trial counsel's deficiency, if any, affected the outcome of the trial. As such, we are compelled to reverse and remand for further attachments conclusively refuting the allegation, or for an evidentiary hearing.
As to those claims not addressed by the lower court, Ground 1(f)-(h) and Ground 2, we reverse and remand for further consideration and disposition thereof. In all other respects, the lower court's orders are affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
ERVIN and JOANOS, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.