PER CURIAM.
Appellant was convicted of leaving the scene of an accident involving personal injury contrary to section 316.027(1)(a), Florida Statutes (1997). That section requires a driver to remain at the accident scene until the driver “has fulfilled the requirements of s. 316.062.” Section 316.062(1), Florida Statutes (1997), imposes certain duties on the driver of a vehicle involved in an “accident resulting in injury to or death of any person or damage to any vehicle or other property,” including the giving of information to the person injured in the accident. Section 316.062(2), Florida Statutes (1997), provides:
(2) In the event none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (1), and no police officer is present, the driver of any vehicle involved in such accident, after fulfilling all other requirements of s. 316.027 and subsection (1), insofar as possible on his or her part to be performed, shall forthwith report the accident to the nearest office of a duly authorized police authority and submit thereto the information specified in subsection (1).
(Emphasis supplied).
The trial court properly denied appellant’s motion for judgment of acquittal. There was a factual dispute at trial as to whether the victim was “in condition to receive the information” within the meaning of section 316.062(2). It is true that the victim and appellant knew each other, and that appellant made sure that the victim was taken to the hospital, satisfying one of the main purposes of the statute. See State v. Dumas, 700 So.2d 1223, 1225 (Fla.1997). However, another purpose of the statute is to ensure that an accident will “forthwith” be reported to the police so that it can promptly be investigated. There was evidence to support a finding that the victim was in no condition to receive any information. It is undisputed that no police officer was present at the scene of the accident and that appellant did not “forthwith” report the accident to “the nearest office of a duly authorized police authority.”
The rebuttal testimony of the trooper was cumulative to other evidence at trial and, if error, it was harmless.
AFFIRMED.
GUNTHER, GROSS and HAZOURI, JJ., concur.