845 So.2d 987 (2003)
Charles WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3955.
District Court of Appeal of Florida, First District.
May 23, 2003.
Nancy A. Daniels, Public Defender, and Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for Appellant.
*988 Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Charles Williams appeals his judgment of conviction and sentence for sale or delivery of cocaine within 1000 feet of a child care facility, a violation of section 893.13(1)(c)1, Florida Statutes (2000). We reverse that portion of the sentence in which the trial court imposed a lump sum of costs without further explanation, and remand for further proceedings. We otherwise affirm the conviction and sentence.
With regard to the conviction, appellant has raised several issues, but only one merits discussion. At trial, appellant moved for a judgment of acquittal, arguing that the sign located in front of the child care facility in question was insufficient under the applicable statute to warrant a conviction. Section 893.13(1)(c)1 provides that it is unlawful to sell, manufacture, or deliver a controlled substance in, on or within 1000 feet of the real property comprising a child care facility. This statute further provides:
This paragraph does not apply to a child care facility unless the owner or operator of the facility posts a sign that is not less than 2 square feet in size with a word legend identifying the facility as a licensed child care facility in a conspicuous place where the sign is reasonably visible to the public.
Id.
Appellant has not argued that the facility in question was not a licensed child care facility or that the facility's sign was of an insufficient size or was located in an inconspicuous place. Appellant argued below and argues on appeal that the wording of the sign did not meet the statutory requirement that the facility have a sign with "a word legend identifying the facility as a licensed child care facility."
The sign at issue included a drawing of a child and contained text that read:
Episcopal Children's Services Inc.

PECK

HEAD START CENTER

XXX-XXX-XXXX LIC# 043777
The trial court summarily denied appellant's motion for a judgment of acquittal, as noted, and appellant timely renewed that motion, which was again denied. The appellant did not request a jury instruction regarding the language used on the sign; and the trial court did not specifically instruct the jury to consider the language employed on the sign.[1] Appellant did not object to the instructions.
A motion for a judgment of acquittal is designed to test the legal sufficiency of the evidence. Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001)(en banc). Therefore,
[W]hen a defendant moves for a judgment of acquittal at the close of the State's case, the only issue is whether the State has presented sufficient evidence to establish a prima facie case. In viewing the State's evidence, all reasonable *989 inferences of that evidence are drawn in favor of the State
Leonard v. State, 731 So.2d 712, 717 n. 2 (Fla. 2d DCA 1999)(citing Williams v. State, 511 So.2d 740 (Fla. 5th DCA 1987)).
Below, evidence was introduced as to the location, size, and wording of the sign. We do not read the statute as requiring the sign to include specific "magic words." Rather, the statute requires that language of the sign must be sufficient to place a reasonable person on notice that the facility is a licensed child care facility. Because sufficient evidence was introduced to establish a prima facie case, the trial court properly denied the motion for a judgment of acquittal. The evidence presented a question of fact for the jury as to whether the wording of the sign adequately identified the facility as a licensed childcare facility. Compare McGuire v. State, 738 So.2d 427, 428 (Fla. 4th DCA 1999)(holding that trial court properly denied defendant's motion for judgment of acquittal on the charge of leaving the scene of an accident because there was a factual dispute as to whether the victim in the accident was "in condition to receive the information" within the meaning of section 316.062(2), Florida Statutes, such as the defendant's driver's license number, thus requiring the defendant to report the accident to law enforcement).
Below, the appellant failed to preserve any error as to the jury instructions and, on appeal, did not argue that the instructions were improper and constituted fundamental error, see Reed v. State, 837 So.2d 366 (Fla.2002), until his reply brief. Because appellant failed to raise these issues in the initial brief, we cannot consider them. See Medrano v. State, 795 So.2d 1009, 1010 (Fla. 4th DCA 2001).
In the sentence imposed, the trial court ordered appellant to pay costs in the amount of $376. This lump sum amount was orally pronounced without any further specificity as to the nature of the particular fees constituting that lump sum or the authority for imposition of such fees. This was error. See Smiley v. State, 704 So.2d 191 (Fla. 1st DCA 1997); Fisher v. State, 697 So.2d 1291 (Fla. 1st DCA 1997); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). On remand, the trial court shall give the appellant an opportunity to be heard regarding the imposition of any costs which are discretionary. See Rhodes v. State, 683 So.2d 640 (Fla. 1st DCA 1996). Accordingly, we strike the assessment of costs and remand for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
POLSTON, J., concurs, SMITH, LARRY G., Senior Judge, concurs in part and dissents in part.
SMITH, Senior Judge, dissenting in part and concurring in part.
I agree that the assessment of lump sum costs must be stricken for the reasons explained by the majority. I further agree that the only issue meriting discussion with regard to appellant's conviction is the denial of appellant's motion for a judgment of acquittal. However, I cannot agree that the trial court did not err in denying the motion for a judgment of acquittal.
There was no dispute below as to the wording of the sign or whether a sign was, in fact, in place. Had a dispute as to such issues existed below, then a factual question would have been presented for the jury to resolve. However, because there was no dispute as to the existence or the nature of the sign, a question of law was presented to the trial court as to whether the sign complied with the statutory requirement that it contain a "word legend *990 identifying the facility as a licensed child care facility in a conspicuous place ...." § 813.13(1)(c)1., Fla. Stat. (2000); compare Curry v. State, 811 So.2d 736 (Fla. 4th DCA 2002)(in reviewing denial of a motion for a judgment of acquittal, court was required to determine whether the defendant's conduct, which was not in dispute, constituted a violation of the aggravated stalking statute, a question of law). That is, the motion for a judgment of acquittal presented a question of law as to whether the evidence regarding the wording of the sign was sufficient to support a conviction. See Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001)(en banc) ("The sufficiency of the evidence to support a particular criminal charge, whether evaluated by the trial court or by an appellate court, is a question of law."). Because the evidence was not sufficient, the trial court erred in submitting the case to the jury. When called to construe a statute, the court must first consider the language of that statute, and if the language is unambiguous, it must be regarded as conclusive, absent a clearly expressed contrary legislative intent. Burris v. State, 825 So.2d 1034, 1036 (Fla. 5th DCA 2002), citing Russello v. United States, 464 U.S. 16, 20, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Also, as required by section 775.021(1), Florida Statutes (2000), a strict construction must be accorded a penal statute, and when the language of the statute is susceptible of more than one construction, it is to be construed in a manner favorable to the accused. The supreme court has explained:
One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter. This principle ultimately rests on the due process requirement that criminal statutes must say with some precision exactly what is prohibited. Words and meanings beyond the literal language may not be entertained nor may vagueness become a reason for broadening a penal statute.
Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991) (citations omitted).
Employing a strict construction, it must be concluded that the sign does not meet the requirement of section 813.13(1)(c)1 that it identify the facility in question as a "child care facility." The words "HEAD START CENTER" do not unambiguously mean that a child care facility is being operated at that location. "Head Start" is a federally funded program which provides "comprehensive health, educational, nutritional, social and other services to economically disadvantaged children and their families." 42 U.S.C. § 9832(1). As a program which offers a diversity of services, even a person with some knowledge as to the nature of "Head Start" programs would not necessarily know, by virtue of the sign at issue in this case, that a child care facility was being operated on the premises. Nor does the reference to "Episcopal Children's Services Inc." indicate, in a literal sense, that a child care facility is in operation. The reference to "Children's Services" denotes a myriad of possible activities and services, and thus, such a reference by itself, or in conjunction with other language on the sign, fails to specifically identify the structure as a licensed child care facility as required by section 813.13(1)(c)1. That the sign has a small symbolic depiction of a child is immaterial since the statute requires a "word legend" identifying the facility as a child care facility.
Accordingly, I must dissent from that portion of the majority's opinion which affirms the denial of the motion for a judgment *991 of acquittal. In all other respects, I agree with the majority's decision.
NOTES
[1] The trial court instructed the jury, in pertinent part, as follows:

Certain drugs and chemical substances are by law known as controlled substances. Cocaine is a controlled substance. Before you can find the defendant guilty of sale and/or delivery of cocaine within 1000 feet of a childcare facility, the state must prove the following four elements beyond a reasonable doubt:
One, Charles Eugene Williams sold or delivered a certain substance: two, the substance was cocaine; three, the substance was sold and/or delivered in, on, or within 1000 feet of a childcare facility; and four, the substance was sold between the hours of 6:00 a.m. and 12:00 a.m.