861 So.2d 449 (2003)
Ronald GUYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4619.
District Court of Appeal of Florida, First District.
September 12, 2003.
Rehearing Denied October 23, 2003.
*450 Appellant, pro se.
Charlie Crist, Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
HAWKES J.
The defendant entered into a plea bargain with the State Attorney's office. Pursuant to that plea bargain, he pled guilty to dealing in stolen property and grand theft of the same property. The defendant appeals the trial court's summary denial of his 3.850 motion. The core of defendant's allegations is that his conviction and sentences violate the double jeopardy provisions of the state and federal constitutions. We find the defendant waived any double jeopardy claim that may affect either his convictions or his sentences under article I, section 9, of the Florida Constitution or of the Fifth Amendment to the United States Constitution, and therefore affirm.
Simultaneous convictions for these two crimes violate the prohibition against double jeopardy unless waived by the defendant. See Kilmartin v. State, 848 So.2d 1222 (Fla. 1st DCA, 2003). The defendant pled guilty to both grand theft and dealing in stolen property after being fully advised by counsel. The trial judge conducted a detailed plea colloquy, and the defendant testified he understood he was pleading guilty to one count of dealing in stolen property and one count of grand theft. The factual basis the State recited identified the property as the same for both offenses. The defendant further testified he considered the plea bargain to be to his advantage.
The negotiated plea agreement placed obligations on both parties. The defendant agreed, in part, to be sentenced as an habitual felony offender to a term of 13 years in prison on the dealing in stolen property charge and a concurrent 10 years on the grand theft charge. The State agreed, in part, not to file a pending armed burglary charge. Had the defendant been convicted of armed burglary, he would have faced a sentence of life in prison as a prison releasee reoffender.
The defendant entered into a voluntary plea bargain. He believed this plea to be in his best interest. In exchange for his plea he received less than a maximum sentence and the forbearance of the State in filing additional charges. Having accepted the benefits of the bargain by avoiding a potential life sentence, the defendant cannot, any more than any other contracting party, be relieved of the burden *451 of his bargain. See Novaton v. State, 634 So.2d 607 (Fla.1994).
AFFIRMED.
BOOTH, and VAN NORTWICK, JJ., concur.