922 So.2d 452 (2006)
Alfred J. HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2591.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
Alfred J. Hunt, Mayo, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Alfred Hunt, Jr. appeals a trial court order denying his motion for post conviction relief, properly treated by the trial court as if filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand for either an evidentiary hearing or attachment of portions of the record.
Appellant was convicted of attempted second degree murder with a weapon in 1993 and was sentenced to a split sentence of 9.5 years in prison, followed by 5 years of probation. While on probation, he was charged with grand theft of a motor vehicle and grand theft in a 1999 case. He was also charged with violation of probation. He pleaded guilty to the violation of probation and theft offenses. His plea agreement expressly provided that he would be sentenced for the VOP to 13 years in prison, but would receive credit of 9.5 years and 13 days of gain time with the DOC, and credit for time served.
He filed two prior motions to enforce plea agreement, which were summarily denied. On appeal, this court affirmed the trial court orders denying relief in Hunt v. State, 775 So.2d 1000 (Fla. 4th DCA 2000) (affirming without prejudice to appellant's right to pursue administrative remedies with DOC), and Hunt v. State, 798 So.2d 788 (Fla. 4th DCA 2001) (affirming the denial of relief which followed the exhaustion of administrative remedies, without prejudice to appellant's right to seek mandamus relief against DOC). In this third motion to enforce plea agreement, appellant maintains that his plea agreement has *453 been thwarted by the Department of Corrections' forfeiture of his gain time credit. He seeks resentencing to give full effect to the terms of the plea agreement or, alternatively, to allow him to withdraw his guilty plea.
The trial court denied this latest motion as untimely under Florida Rule of Criminal Procedure 3.850. However, we have reviewed appellant's original motion to enforce plea agreement filed in May 2000, and even his second motion to enforce plea agreement filed in March 2001, both of which were timely for consideration under rule 3.850, and we now believe that the trial court may have misconstrued his claim when it summarily denied the motions. We also believe that we misconstrued appellant's claim when we affirmed without prejudice to his pursuit of administrative recourse and mandamus. Thus, we will not apply the doctrine of "law of the case" here to bar further relief, when to do so would defeat the ends of justice. See State v. McBride, 848 So.2d 287 (Fla.2003); Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). Instead, we now hold that appellant has stated a colorable claim of entitlement to enforcement of his plea agreement. See Garvin v. State, 884 So.2d 470 (Fla. 4th DCA 2004); State v. Jackson, 842 So.2d 1040 (Fla. 3d DCA 2003); Williamson v. State, 841 So.2d 694 (Fla. 2d DCA 2003); Dellahoy v. State, 816 So.2d 1253 (Fla. 5th DCA 2002).
We therefore reverse and remand for an evidentiary hearing or attachment of portions of the trial court records refuting appellant's claim of entitlement to enforcement of his plea agreement.
GUNTHER, POLEN and TAYLOR, JJ., concur.