964 So.2d 867 (2007)
Ivan Howard SILVERSTEIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-828.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Ivan Howard Silverstein, Perry, pro se.
No appearance required for appellee.
STEVENSON, J.
This is an appeal of the trial court's denial of a "motion to correct clerical mistake," *868 ostensibly filed under rule 3.800(a).[1] We affirm.
The saga of this case began in 2004 when appellant pled no contest to the third degree felony charge of driving with a revoked driver's license. Approximately two years later, in 2006, appellant filed a motion in the trial court to correct an illegal sentence. Appellant claimed that Florida Department of Highway Safety and Motor Vehicles (DHSMV) records would show that he had not been issued a driver's license prior to October 2003 when he received the ticket for driving with a revoked or suspended license and the proper charge should have been driving without a licensea misdemeanor. To compound the problem, the ticket contained the driver's license number of someone elsea person with an extremely bad driving record. The State responded to appellant's motion by arguing that appellant pled no contest to the charge of driving while his license was revoked and served his sentence. See Sherwood v. State, 745 So.2d 378 (Fla. 4th DCA 1999) (holding that an illegal sentence can only be corrected while the defendant is serving his sentence). The order denying appellant's motion agreed with the State that appellant was not entitled to any relief because he had already served his sentence. This court affirmed the trial court's denial of appellant's 3.800 motion by issuing a PCA in Silverstein v. State, 937 So.2d 137 (Fla. 4th DCA 2006).
In December 2006, appellant filed a "motion to correct clerical mistake," which is the subject of the instant appeal. Appellant claimed that, in August 2005, he was cited for driving with a suspended license and that he was re-arrested and taken to jail. Appellant claims that this occurred because his October 2003 citation (ticket # 2590-COW) for driving with a revoked license contained the wrong driver's license number and consequently included the bad driving record of that license holder. Appellant asserted that the inclusion of the incorrect driving record in connection with his plea to the October 2003 citation continues to plague his driving status, and led to his current arrest in August of 2005. Appellant asked the trial court to direct the clerk of court to remove the October 2003 ticket for driving with a revoked license from the court file, or at least to "amend" the records to show that the driving record attendant to his plea to that ticket was, in fact, the record of the other driver. On January 9, 2007, the trial court denied appellant's motion saying that it lacked jurisdiction to grant the requested relief and informed appellant that he should discuss the matter with the DHSMV. On January 22, 2006, appellant filed a motion for rehearing. The trial judge denied the motion for rehearing on February 8, 2007, and this appeal followed on February 16, 2007.
Appellant raises two claims in this appeal. First, he alleges that his 2004 conviction for driving with a revoked license is "illegal" because he was an unlicensed driver at the time and therefore could not have had a revoked or suspended license. This was essentially the same issue raised in the initial appeal of the denial of appellant's rule 3.800 motion, which this court affirmed because appellant had already served his sentence. Even if appellant's challenge to his sentence is not barred by res judicata or collateral estoppel, this issue was not raised in the motion below and may not be considered by this court on appeal. As for *869 appellant's primary claim, we believe that the trial court did not err in denying the motion to correct clerical error. The court record involving appellant's no contest plea to driving with a revoked license contained ticket # 2590-COW, and it showed the driving record which formed the basis for the plea. Although appellant now asserts that the driving record was the record of the other driver, appellant cites no authority which would require the trial judge to direct the clerk of court to essentially "reform" the court records utilized during the plea. We note, however, that appellant may have already obtained some of the relief which he sought in his motion to correct clerical mistake. While this appeal has been pending, appellant filed a "Notice of Corrected License," which shows that the DHSMV recently issued a corrected driving record for appellant which does not contain the October 2003 citation.
The trial court's denial of appellant's motion to correct clerical mistake is affirmed.
SHAHOOD, C.J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur in the affirmance, but I would permit appellant to file a motion pursuant to Florid Rule of Criminal Procedure 3.850 to try to correct this issue. Appellant alleges that he pled to the felony charge of driving while his license was suspended in 2004, even though he did not have a driver's license. This issue does not go to the illegality of the sentence but the legality of the conviction. If he was represented by counsel, and counsel advised him to plea to the charges, he may have had cause for relief for ineffective assistance of counsel pursuant to rule 3.850 or possibly to vacate his plea. As he filed his original rule 3.800 motion within two years of his 2004 sentence, I would affirm but remand to permit him to file a rule 3.850 motion within thirty days of this ruling. If he swears to the facts as alleged and they are true, namely that he could not have been convicted of driving on a suspended license because he did not have a license, then his habitual traffic offender status, and consequent prison sentence, would be a manifest injustice.
NOTES
[1] Although the issues raised in the motion filed in the trial court were not cognizable under rule 3.800, we have jurisdiction over the appeal as an order entered after final judgment in a criminal case. See Fla. R.App. P. 9.140.