985 So.2d 635 (2008)
Ivan H. SILVERSTEIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-235.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Rehearing Denied July 30, 2008.
Ivan Howard Silverstein, Perry, pro se.
No appearance required for appellee.
PER CURIAM.
The trial court summarily denied appellant's rule 3.850 motion to vacate his conviction as untimely. Appellant had attached new evidence to his motion in the form of a corrected driving record issued by the DHSMV that did not exist at the time he entered his plea.[1]See Silverstein v. State, 964 So.2d 867 (Fla. 4th DCA 2007). Because the record attached by the trial court does not conclusively show that appellant is entitled to no relief, the trial court's summary denial of appellant's rule 3.850 motion is reversed, and this case is remanded for an evidentiary hearing at which the trial court shall determine whether, as a result of ineffective assistance of counsel, appellant pled guilty to a felony that could not have occurred as a matter of law, resulting in a manifest injustice. Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); State v. McBride, 848 So.2d 287, 291-92 (Fla.2003); Ross v. State, 901 So.2d 252, 254 (Fla. 4th DCA 2005); Hunt v. State, 922 So.2d 452, 453 (Fla. 4th DCA 2006); Adams v. State, 957 So.2d 1183, 1186-87 (Fla. 3d DCA 2006).
Reversed and remanded.
SHAHOOD, C.J., KLEIN and MAY, JJ., concur.
NOTES
[1] This is the third time appellant has raised this issue in post-conviction motions. The first time was less than two years after he had entered his plea, but this court did not reach the issue, because he was no longer imprisoned for that offense and had not yet been sentenced to a greater sentence for a subsequent conviction based on points added for that offense. Silverstein v. State, 937 So.2d 137 (Fla. 4th DCA 2006).