988 So.2d 138 (2008)
Kevin MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0324.
District Court of Appeal of Florida, First District.
July 31, 2008.
*139 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Kevin Miller, pro se, Appellant.
Bill McCollum, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant, Kevin Miller, asserts that his plea to armed robbery and attempted felony murder must be overturned because the facts do not support the armed robbery charge. The State correctly concedes as to this issue. State v. Burris, 875 So.2d 408 (Fla.2004) (holding that the use of a motor vehicle cannot constitute "carrying a weapon" for purposes of aggravating a robbery charge).
The State initially charged appellant with three counts of criminal conduct, including one count of armed robbery based on his use of an automobile as a weapon. Appellant pled guilty to armed robbery and attempted felony murder, with the State dropping a third charge. Pursuant to the plea, appellant was sentenced to two concurrent 25-year terms. The information and the factual basis for the plea proffered by the prosecution affirmatively demonstrate that the weapon appellant was alleged to have carried was an automobile. However, under Burris, appellant could be convicted only of simple robbery. 875 So.2d at 408. Although appellant did not raise this issue in the trial court, this error constitutes fundamental error and may be raised for the first time on appeal. See Kilmartin v. State, 848 So.2d 1222 (Fla. 1st DCA 2003) (holding fundamental error may be raised for the first time on appeal notwithstanding rule 9.140(b)(2)(A), Florida Rule of Appellate Procedure).
We determine that, in those cases where the record affirmatively demonstrates the crime to which defendant pled guilty could not have occurred, fundamental error occurs. Error is fundamental in nature where a manifest injustice would otherwise occur; a manifest injustice includes convicting appellant "for an offense for which he could not have been convicted." Silverstein v. State, 985 So.2d 635 (Fla. 4th DCA 2008); see also Sherwood v. State, 734 So.2d 1050 (Fla. 1st DCA 1998); Dydek v. State, 400 So.2d 1255 (Fla. 2d DCA 1981); Waugh v. State, 388 So.2d 253, 254 (Fla. 2d DCA 1980).
Judge Allen relies on Novaton v. State, 634 So.2d 607 (Fla.1994), for the proposition that an appellant waives his right to appeal even fundamental error upon the entry of a negotiated plea. While this is one possible interpretation of Novaton, it is an interpretation that would lead to significant concerns in the future regarding the rights of defendants to challenge the most grave of fundamental errors.
Novaton involved a situation where the appellant committed two separate crimes but had the right to be sentenced to only one. The supreme court determined that, under circumstances in which a defendant has received the beneficial results of a bargained plea, the right to raise double jeopardy issues has been waived. 634 So.2d at 609. We decline to extend Novaton to the circumstances of the present case because both the charging information and the factual basis presented to support the plea affirmatively demonstrate that the crime to which appellant pled *140 could not have taken place and this is not a double jeopardy claim.
The error in this case may be resolved in one of two ways. The trial court may either enter a conviction for simple robbery and resentence appellant as to that count, or appellant may be allowed to withdraw the plea and face trial on the original charges minus the armed component of the robbery. Pursuant to this opinion, only the State will not receive the full benefit of the plea negotiation; thus, the State shall have the option of how to proceed on remand. See Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981) (holding that, in situations requiring reversal for reduction of sentence in contravention of the original plea agreement, the State should be given the option of either (1) withdrawing the plea agreement and proceeding on the original charge or (2) vacating the excessive sentence while having the judgment stand and allowing for a resentencing).
We find no merit as to the other issues raised by appellant. REVERSED.
POLSTON, J., concurs; ALLEN, J., dissents with opinion.
ALLEN, J., dissenting.
Unlike the defendant in Burris, the appellant in the present case entered a negotiated plea of guilty without reserving any issues for appeal. The challenge he presents is therefore not authorized under Florida Rule of Appellate Procedure 9.140(b)(2)(A). This case also does not appear to present any issue of fundamental error that might provide a basis for a challenge on a ground other than those specified in rule 9.140(b)(2)(A). And even if this were a matter of fundamental error, the appellant waived the right to raise it on appeal when he entered his negotiated plea. See, e.g., Guynn v. State, 861 So.2d 449 (Fla. 1st DCA 2003)(explaining that Kilmartin is inapplicable in the context of a negotiated plea); Novaton v. State, 634 So.2d 607 (Fla.1994). I would accordingly affirm the judgments and sentences under review.