993 So.2d 155 (2008)
Robert Gene BRUCE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2801.
District Court of Appeal of Florida, First District.
October 29, 2008.
Nancy Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant appeals his conviction for driving while license suspended (DWLS) for a third time, a third-degree felony under section 322.34(2)(c), Florida Statutes (2006). We reverse.
Pursuant to a plea agreement, Appellant pled guilty to felony DWLS under section 322.34(2)(c), Florida Statutes. In return for the plea, the State agreed to nolle prosse the two additional counts with which Appellant was charged. This was therefore a negotiated plea rather than an open plea. Appellant did not preserve any issues for appeal, but now argues for the first time on direct appeal that his conviction violates his constitutional right to due process under Thompson v. State, 887 So.2d 1260 (Fla.2004). In Thompson, the Florida Supreme Court found that the defendant's conviction for felony DWLS under section 322.34(2)(c), Florida Statutes, had to be reversed. Id. at 1266. Thompson's two predicate convictions were obtained under the pre-1997 version of the statute, which did not include the knowledge element. Id. at 1265. Due to the 1997 amendment, "Thompson pled to an offense for which the State could not demonstrate all of the elements, i.e., two prior convictions of DWLS with knowledge that the license was canceled, suspended, or revoked." Id. Accordingly, Thompson's felony conviction had to be reversed since it failed to satisfy federal due process requirements. Id. at 1266.
Here, the State challenges Appellant's ability to directly appeal his guilty plea under Florida Rule of Appellate Procedure 9.140(b)(2)(A), which limits the grounds on which a guilty plea can be appealed. Accordingly, *156 the State has filed a motion to dismiss Appellant's appeal for lack of jurisdiction.
Because of the manner in which Appellant was charged, the count to which he entered his guilty plea supported only a misdemeanor conviction, in that one of the two predicate offenses upon which the State relied occurred prior to 1997, when the statute did not include the required element of knowledge. See Thompson, 887 So.2d at 1265-66. Recognizing this, the State concedes that Appellant would be entitled to relief from his conviction on this count, as a matter of fundamental error, had he been convicted at trial or entered an open plea. In light of this fundamental error, we reverse Appellant's conviction for felony DWLS, even though Appellant entered a negotiated plea.
Recently, in Miller v. State, 988 So.2d 138, 139 (Fla. 1st DCA 2008), this court held that where the record affirmatively demonstrates that a defendant could not have committed the crime to which he entered a guilty plea, then fundamental error has occurred, and the defendant's right to appeal that error is not waived upon entry of a negotiated plea. We agree with the dissenting opinion in Miller which notes the proposition that fundamental error can be waived when a defendant enters a negotiated plea. Id. at 140 (Allen, J., dissenting) (citing Guynn v. State, 861 So.2d 449 (Fla. 1st DCA 2003); Novaton v. State, 634 So.2d 607 (Fla.1994)). However, we are constrained to reverse Appellant's conviction by this court's decision in Miller. See In re Rule 9.331, Determination of Causes by a District Court of Appeal En Banc, Florida Rules of Appellate Procedure, 416 So.2d 1127, 1128 (Fla.1982).
In conformity with our previous decision in Miller, we hold that Appellant may challenge his conviction and raise fundamental error on direct appeal, despite his failure to raise the issue below and preserve it for review pursuant to rule 9.140(b)(2)(A).
We deny the State's motion to dismiss. We reverse Appellant's conviction and sentence for felony DWLS and remand to the trial court. On remand, since the State is losing the full benefit of its plea agreement, it will have the option of how to proceed, either by having the trial court enter a conviction for first-degree misdemeanor DWLS under section 322.34(2)(b), Florida Statutes, or by allowing Appellant to withdraw his plea and face trial on the original charges, with the felony DWLS charge lessened to a misdemeanor count. Further, because we conclude that the issue of whether a defendant waives his right to appeal a defect in his conviction when he receives the benefit of a negotiated plea is a matter of great public importance, we certify the following question to the Florida Supreme Court:
MAY A DEFENDANT WHO HAS ENTERED A NEGOTIATED PLEA RAISE FOR THE FIRST TIME ON DIRECT APPEAL THE CLAIM THAT HIS CONVICTION VIOLATES THE DECISION IN THOMPSON V. STATE, 887 So.2d 1260 (Fla.2004)?
REVERSED and REMANDED; QUESTION CERTIFIED.
BARFIELD and ALLEN, JJ., concur.