PER CURIAM.
 

 Appellant Kevin J. Miller appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Miller raises two issues in his motion. We affirm the summary denial of ground two without further discussion. However, for the reasons discussed below, we reverse and remand the denial of ground one.
 

 Mr. Miller pleaded guilty to armed robbery and attempted felony murder. On direct appeal, the court reversed Mr. Miller’s conviction for armed robbery because the weapon used to support the charge of armed robbery was an automobile.
 
 See Miller v. State,
 
 988 So.2d 138, 139 (Fla. 1st DCA 2008).
 

 In ground one of his post-conviction motion, Mr. Miller alleges that but for his counsel’s misadvice that there were no viable defenses to the charge of armed robbery, he would not have pleaded guilty but would have proceeded to trial. This claim remains unrefuted by the record. According to Mr. Miller, his understanding, from discussions with his counsel, was that he should plead guilty because, although “a jury would likely return a favorable verdict on the alleged felony murder, an unfavorable verdict would most likely be returned on the alleged armed robbery.” Because both charges supported a sentence of twenty-five years’ imprisonment, Mr. Mil
 
 *1176
 
 ler would not have received a lower sentence by succeeding in an acquittal on the felony murder charge.
 

 However, simple robbery can only support a sentence of fifteen years’ imprisonment. Therefore, Mr. Miller had a chance of reducing his overall sentence to fifteen years had he received an acquittal on the felony murder charge. For this reason, Mr. Miller has sufficiently alleged prejudice pursuant to
 
 Strickland v. Washington,
 
 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We therefore reverse and remand for the trial court to either attach such portions of the record which conclusively refute this claim, or to hold an evidentiary hearing.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 

 BENTON, C.J., WETHERELL, and ROWE, JJ., concur.