# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-2235

_____

AARON PIAZZA,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

March 15, 2018

B.L. THOMAS, C.J.

Appellant agreed to a negotiated plea and entered pleas of guilty to two counts of possession of a firearm by a felon and one count of grand theft of a firearm. The charges were based on the following facts: Appellant, a felon, entered a gun store, where he possessed one rifle, then possessed a handgun, then possessed another rifle, and then stole the handgun he had previously possessed. Originally charged with two counts of possession of a firearm by a felon based on the two possessions of two rifles, the trial court granted a motion to dismiss one of those counts. Appellant then pled guilty to two separate charges based on his possession of the rifle and theft of the firearm.

Appellant now argues on appeal that he cannot be sentenced for possession of a firearm by a felon and also for grand theft of a firearm.

The Florida Supreme Court has directly held that when a criminal defendant agrees to a negotiated plea, he cannot raise a claim based on double jeopardy:

> The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence. *United States v. Broce,* 488 U.S. 563, 569 (1989)). There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation.

*Novaton v. State,* 634 So. 2d 607, 609 (Fla. 1994).

Appellant's argument is thus foreclosed under *Novaton.* Appellant asserted a double jeopardy argument on one count and was successful. Appellant then entered into a negotiated plea, and accepted the benefits of the plea, thus waiving any further argument based on double jeopardy. Appellant argues that, because he is challenging the denial of a motion to dismiss filed before he entered his plea, his double jeopardy argument is preserved. However, "where [the appellant] entered into a bargained plea with the State, we find that [the appellant] waived *any double jeopardy claim that may affect either his convictions or his sentences . . . .*" *Id.* (emphasis added); *see also Guynn v. State*, 861 So. 2d 449, 450 (Fla. 1st DCA 2003) (rejecting state and federal double-jeopardy claims as foreclosed under *Novaton*, because appellant entered negotiated plea). Here, none of the three factors required under *Novaton* are present that would justify consideration of Appellant's argument based on double jeopardy.

AFFIRMED.

WETHERELL and WINSOR, JJ., concur.

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

Andy Thomas, Public Defender, Jasmine Quintera Russell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Tallahassee Bureau Chief, Criminal Appeals, Robert Charles Lee, Assistant Attorney General, Tallahassee, for Appellee.