DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LIFERSON BREVIL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-3010 and 4D19-3011

[August 11, 2021]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case Nos. 50-2018-CF-008447-AXXX-MB and 50-2018-CF-008451-AXXX-MB.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Liferson Brevil challenges his convictions and sentences in two cases for sale of cocaine and sale of heroin, which charges were enhanced because both sales occurred within 1,000 feet of a licensed child care facility. Brevil went to trial in one case and pled guilty in the other.

In the case that proceeded to trial, we hold the trial court erred in denying Brevil's motion for judgment of acquittal because the evidence supporting his defense—that the child care facility did not have a statutorily-required sign identifying it as a "licensed" child care facility, or words to that effect—was undisputed and did not present a factual issue for the jury. Thus, in that case, we reverse for the trial court to reduce the convictions to the lesser sales charges and thereafter to resentence Brevil.

With respect to the case for which Brevil pled guilty, we reject his argument that the trial court fundamentally erred in accepting his plea on the basis that without the statutorily-required sign, no crime existed. Thus, we affirm that judgment, but remand for resentencing.

**Trial Case**

In the first case, Brevil proceeded to trial, and the evidence established he sold cocaine and heroin to an undercover officer within 1,000 feet of a child care facility, a preschool. Signs were posted at the preschool, and photographs of those signs were entered into evidence. One sign consisted of large light-up letters that spelled "PRESCHOOL." Another sign contained the name of the preschool and what appears to be a cartoon-type drawing. In the photograph, the bottom of the sign was obscured by bushes. A third sign contained the name of the preschool, which included the word "Preschool," a telephone number, and the words, "Register Now." In the photograph, other language appeared at the bottom of the sign, but the language was unclear. The state does not dispute Brevil's assertion that none of the signs included the phrase "licensed child care facility" or any other language indicating the preschool was licensed.

At the end of the state's case-in-chief and the close of all evidence, Brevil's counsel moved for a judgment of acquittal on the ground that "there's been no evidence that there was proper signage indicating that this was a licensed childcare facility." The trial court denied the motion, and the jury found Brevil guilty as charged.

On appeal, Brevil argues the trial court should have granted his motion for judgment of acquittal in the case that went to trial, as "there was no evidence that the signs said anything about whether [the preschool] is licensed, and the photos show that the signs did not say that."

A trial court's ruling on a motion for judgment of acquittal is reviewed de novo. *Harris v. State*, 289 So. 3d 962, 965 (Fla. 4th DCA 2020). "Generally, an appellate court will not reverse a conviction that is supported by competent substantial evidence." *Id.* (quoting *Johnston v. State*, 863 So. 2d 271, 283 (Fla. 2003)). "In moving for a judgment of acquittal, a defendant admits the facts in evidence and every conclusion favorable to the [State] that may be fairly and reasonably inferred from the evidence." *Id.* (alteration in original) (quoting *Turner v. State*, 29 So. 3d 361, 364 (Fla. 4th DCA 2010)).

Brevil was charged with a violation of section 893.13(1)(c), Florida Statutes (2018), which provides in pertinent part:

> (c)  Except as authorized by this chapter, a person may not sell . . . or possess with intent to sell . . . a controlled substance in, on, or within 1,000 feet of the real property comprising a

2

child care facility as defined in s. 402.302 . . . . A person who violates this paragraph with respect to:

1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)5. commits a felony of the first degree . . . .

. . . .

*This paragraph does not apply to a child care facility unless the owner or operator of the facility posts a sign that is not less than 2 square feet in size with a word legend identifying the facility as a <u>licensed</u> child care facility and that is posted on the property of the child care facility in a conspicuous place where the sign is reasonably visible to the public.*

§ 893.13(1)(c), Fla. Stat. (2018) (emphases added).

Brevil does not dispute that the sale occurred within 1,000 feet of a child care facility or that the signs were the size specified in the statute and posted on the property in a conspicuous place. His argument focuses on whether the signs contained a word legend identifying the preschool as a *licensed* child care facility, or words to that effect.

In denying Brevil's motion, the trial court relied on *Williams v. State*, 845 So. 2d 987 (Fla. 1st DCA 2003), a case cited by the state on appeal. In that case, the appellant moved for a judgment of acquittal arguing that the sign posted at the child care facility was insufficient, as it did not have "a word legend identifying the facility as a licensed child care facility." *Id.* at 988. The sign contained text that read:

Episcopal Children's Services Inc.

PECK

HEAD START CENTER

904-261-9010 LIC# 043777

*Id.* The trial court in that case denied the motion for judgment of acquittal. *Id.* On appeal, the First District affirmed the conviction, observing that "evidence was introduced as to the location, size, and wording of the sign." *Id.* at 989. The court opined that the statute does not require "the sign to include specific 'magic words.'" *Id.* "Rather, the statute requires that

3

language of the sign must be sufficient to place a reasonable person on notice that the facility is a licensed child care facility." *Id.* The appellate court found sufficient evidence existed to establish a prima facie case. *Id.* It also observed that the "evidence presented a question of fact for the jury as to whether the wording of the sign adequately identified the facility as a licensed childcare facility." *Id.*

Judge Larry G. Smith dissented in part. He opined that the issue before the court was one of law rather than a factual dispute:

> There was no dispute below as to the wording of the sign or whether a sign was, in fact, in place. Had a dispute as to such issues existed below, then a factual question would have been presented for the jury to resolve. However, because there was no dispute as to the existence or the nature of the sign, a question of law was presented to the trial court as to whether the sign complied with the statutory requirement that it contain a "word legend identifying the facility as a licensed child care facility in a conspicuous place . . . ." § 8[9]3.13(1)(c)1., Fla. Stat. (2000) . . . . That is, the motion for a judgment of acquittal presented a question of law as to whether the evidence regarding the wording of the sign was sufficient to support a conviction.

*Id.* at 989–90 (Smith, J., dissenting in part).

Opining that the evidence was not sufficient, Judge Smith explained his interpretation of the statute:

> When called to construe a statute, the court must first consider the language of that statute, and if the language is unambiguous, it must be regarded as conclusive, absent a clearly expressed contrary legislative intent. *Burris v. State*, 825 So. 2d 1034, 1036 (Fla. 5th DCA 2002), *citing Russello v. United States*, 464 U.S. 16, 20, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983). Also, as required by section 775.021(1), Florida Statutes (2000), a strict construction must be accorded a penal statute, and when the language of the statute is susceptible of more than one construction, it is to be construed in a manner favorable to the accused. The supreme court has explained:
>
>> One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according

> to their letter. This principle ultimately rests on the due process requirement that criminal statutes must say with some precision exactly what is prohibited. Words and meanings beyond the literal language may not be entertained nor may vagueness become a reason for broadening a penal statute.
>
> *Perkins v. State*, 576 So. 2d 1310, 1312 (Fla. 1991) (citations omitted).

*Id.* at 990.

Judge Smith then employed a strict construction analysis and determined "the sign does not meet the requirement of section 8[9]3.13(1)(c)1[.] that it identify the facility in question as a 'child care facility.'" *Id.* He explained, "[t]he words 'HEAD START CENTER' do not unambiguously mean that a child care facility is being operated at that location[,]" since "'Head Start' is a federally funded program which provides 'comprehensive health, educational, nutritional, social and other services to economically disadvantaged children and their families.'" *Id.* (citation omitted). He further explained that "[t]he reference to 'Children's Services' denotes a myriad of possible activities and services, and thus, such a reference . . . fails to specifically identify the structure as a licensed child care facility . . . ." *Id.*

We agree with Judge Smith's analysis in *Williams*. Applying strict construction, section 893.13(1)(c) requires that the sign contain language identifying the facility as a licensed child care facility. Here, that was nonexistent. Even accepting the *Williams*' majority's holding that section 893.13(1)(c) does not require "the sign to include specific 'magic words[,]'" here the sign included no words which would "be sufficient to place a reasonable person on notice that the facility is a licensed child care facility." *Id.* at 989. Consequently, the trial court erred in denying Brevil's motion for judgment of acquittal.

The state asserts that the placement of the signs, the inclusion of the words "preschool" and "register now," and the listing of the preschool's telephone number, would place a reasonable person on notice that the facility was licensed, as "[i]t is common knowledge that [preschools] must be properly licensed in order to accept children on the premises and care for children." But, contrary to the state's position, nothing about the signage regarding a "preschool" necessarily indicates that the "preschool" is a "*licensed* child care facility" (emphasis added). The state's analysis would require us to ignore the word "licensed" as used in the statute and

render it mere surplusage. The basic tenets of statutory construction dictate that we must decline to do so. *See Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Schs., Inc.,* 3 So. 3d 1220, 1233 (Fla. 2009) (recognizing that an "elementary principle of statutory construction [is] that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." (citation omitted)).

## Plea Case

Brevil also challenges his convictions in the case for which he entered a guilty plea. He contends the trial court fundamentally erred by accepting his guilty plea on the basis that without the statutorily-required sign, no crime existed.[1] He relies on several cases recognizing the principle that "where the record affirmatively demonstrates the crime to which defendant pled guilty could not have occurred, fundamental error occurs." *See, e.g., Miller v. State,* 988 So. 2d 138, 139 (Fla. 1st DCA 2008) (holding trial court fundamentally erred in accepting defendant's guilty plea to armed robbery, which was premised on defendant's use of an automobile as a weapon, as the use of a motor vehicle cannot constitute "carrying a weapon" for purposes of aggravating a robbery charge); *Button v. State,* 641 So. 2d 106, 108 (Fla. 2d DCA 1994) (reversing judgment and sentence on charge of attempted sexual battery where, based on the "allegations in the count[,]" the defendant was convicted for conduct which did not meet the definition of the crime at the time of the offense); *Dydek v. State,* 400 So. 2d 1255, 1257–58 (Fla. 2d DCA 1981) (holding trial court fundamentally erred in accepting defendant's plea of no contest to possession of drug paraphernalia where the "evidence clearly indicate[d]" the alleged paraphernalia, a cigarette case, was used only to carry or store certain instruments rather than to administer a controlled substance, as required by the statute at the time, and thus the state did not make out a prima facie case).

---

[1] Brevil did not raise this argument in the trial court and did not move to withdraw his plea. We recognize the Florida Supreme Court recently held there is no fundamental error exception to the preservation requirement of Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)c., which permits appeals from involuntary guilty/no contest pleas if preserved by a motion to withdraw plea. *State v. Dortch,* 317 So. 3d 1074, 1084 (Fla. 2021). However, *Dortch* does not appear to apply here, as Brevil does not argue his plea was involuntary. Instead, he asserts fundamental error in the acceptance of his plea where the record before the court demonstrated the state could not establish a prima facie case, and he relies on rule 9.140(b)(2)(A)(ii)e. to invoke this court's jurisdiction.

The record before the trial court—the information and the factual basis offered by the state as the basis for Brevil's entry of a guilty plea—did not affirmatively demonstrate that the crime could not have occurred, i.e., that the state could not prove that Brevil sold, manufactured, delivered, or possessed with intent to sell, manufacture, or deliver cocaine/heroin within 1,000 feet of a child care facility. Brevil's argument to the contrary is riddled with problems. He seems to rely on the evidence introduced during the case that went to trial to argue that, because none of the preschool's posted signs contained a word legend identifying it as a licensed child care facility, the state could not establish a prima facie case in the plea case. We disagree.

First, we cannot hold that the trial court was required to consider evidence in a different case (the trial case) in determining whether the state could establish a prima facie case in the plea case.

Second, even if we could so hold, section 893.13(1)(c)'s strict construction demonstrates that the presence of a sign identifying the preschool as a licensed child care facility is not an element of the offense. Rather, the absence of such a sign is an affirmative defense. This is clear because the sign requirements are not contained in section 893.13(1)(c)'s enacting clause but rather in a subsequent clause. *See State v. Robarge*, 450 So. 2d 855, 856 (Fla. 1984) (recognizing that "if there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or a subsequent statute, that is [a] matter of defen[s]e . . . and is to be shown by the other party." (quoting *Baeumel v. State*, 7 So. 371, 372 (Fla. 1890))). Section 893.13(1)(c)'s enacting clause merely prohibits the sale of specified drugs within 1,000 feet of a child care facility. It does not prohibit sale within 1,000 feet of a child care facility posted as a licensed entity. Consequently, even if evidence supporting the affirmative defense relating to the defective sign was before the trial court in the plea case, it would not have affirmatively demonstrated that the state could not prove the elements of the offense.

Third, contrary to Brevil's argument on appeal, the classification of the sign requirements as an affirmative defense does not shift the burden to the defendant on an element of the offense. Thus, Brevil's due process rights were not violated.

## Conclusion

Accordingly, we reverse the judgment and sentence stemming from Brevil's jury trial, and we remand for the trial court to reduce the

convictions to the lesser sales charges and thereafter to resentence Brevil. With respect to the judgment and sentence stemming from the guilty plea, we remand for resentencing using an amended scoresheet.[2]

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Brevil was sentenced at the same time for the offenses encompassed in both cases. One scoresheet was prepared and used for sentencing.