DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AUSTIN BRYAN NABEACK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-2480

[June 28, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432022CF000222A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence after his plea to a first-degree felony charge of solicitation to tamper with a witness. He argues the trial court erred in accepting his no contest plea because the charged crime should have been a second-degree felony. We agree and reverse.

The defendant was charged with, and convicted of, attempted felony murder, attempted robbery with a deadly weapon, and burglary with a battery while armed. He received a life sentence.[1] The State then charged the defendant with solicitation to tamper with a witness as a first-degree felony, to which he entered an open plea of no contest. The maximum penalty for the first-degree felony was thirty years.

The defendant requested a ten-year concurrent sentence. The State requested a concurrent twenty-year sentence. The trial court sentenced

_____

[1] His conviction and sentence are now on appeal in Case No. 4D22-2136.

the defendant to fifteen years concurrent with his life sentence on the underlying charges.

The defendant moved to correct an illegal sentence, arguing "solicitation to tamper with a witness as a first-degree felony was a non-existent offense." Under sections 914.22 and 777.04, Florida Statutes (2021), the crime could be charged only as a second-degree felony. The defendant argued he was entitled to be resentenced based on the improper charge's impact on his scoresheet and the trial court's misunderstanding of the maximum possible sentence. The trial court denied the motion.

The defendant now appeals.

The defendant claims fundamental error in the trial court's acceptance of his plea for a non-existent crime. He argues sections 914.22 and 777.04 limit solicitation to tamper with a witness in a first-degree underlying offense to a second-degree felony. The State responds the crime was properly charged, the felony classification is not an element of the offense, and the defendant's claims are unpreserved because he failed to file a motion to withdraw his plea.

We have de novo review of a fundamental error claim. *See State v. Smith*, 241 So. 3d 53, 55 (Fla. 2018).

The State first argues the defendant's claims are unpreserved and unreviewable due to the defendant's failure to move to withdraw his plea or raise a contemporaneous objection. The defendant responds that an attack on a plea to a non-existent crime can be appealed as fundamental error. We agree with the defendant.

Because the defendant's argument is not based on the involuntariness of his plea, he is permitted to argue fundamental error. *See Brevil v. State*, 326 So. 3d 1129, 1134 n.1 (Fla. 4th DCA 2021) (a motion to withdraw plea is not required for preservation when an appellant does not argue his plea was involuntary).

- ***Was There Fundamental Error?***

It is fundamental error to accept a plea where the record affirmatively demonstrates the crime to which the defendant pled guilty could not have occurred. *See, e.g., Miller v. State*, 988 So. 2d 138, 139 (Fla. 1st DCA 2008).

2

Here, the elements of the defendant's charged offense of solicitation to tamper with a witness include: (1) the defendant solicited [named person] to commit a tampering with a witness offense; and (2) during the solicitation, the defendant commanded, encouraged, hired, or requested [named person] to engage in specific conduct, which would constitute the commission of tampering with a witness or an attempt to commit tampering with a witness.  § 777.04(2), Fla. Stat.

The defendant argues the crime with which he was charged provides that "[t]ampering with a witness . . . is a[] [l]**ife felony** . . . where the official investigation or official proceeding affected involves the investigation or prosecution of a life or capital felony."  § 914.22(2)(e), Fla. Stat. (emphasis added).  However, the solicitation statute, codified at section 777.04(4)(c), Florida Statutes, states, "if the offense attempted, solicited, or conspired to is a **life felony** or a felony of the first degree, the offense of . . . criminal solicitation . . . is a felony of the second degree."  (Emphasis added).

The defendant further contends that when these statutes are read together, "solicitation to tamper with a witness [in a] life felony, can be charged only as a second-degree felony."  That makes his conviction a legal impossibility.  The State responds the proper felony classification is not an element of the crime and competent evidence of each element of the crime charged was shown.  While the State is correct in its statements, that does not exclude the existence of fundamental error.

Section 777.04(4)(c), Florida Statutes, provides:

> Except as otherwise provided in s. 893.135(5), **if the offense** attempted, **solicited**, or conspired to **is a life felony or a felony of the first degree**, **the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.**

(Emphasis added).  The section's plain text supports the defendant's position.  The highest degree of crime that could have been charged was a "felony of the second degree."

The defendant thus pled to an incorrect level of crime, which carried a higher penalty.  As a second-degree felony, the defendant's sentence could not have exceeded fifteen years.  Because the trial court entered a sentence in the middle of what the State and the defendant requested based upon the maximum penalty of thirty years for a first-degree felony, we must reverse and remand the case.  Upon remand, the trial court must vacate

3

the sentence, conviction, and plea, and allow the defendant to plead to the second-degree crime of solicitation to tamper with a witness to a life felony.

*Reversed and remanded with directions.*

GROSS and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**